# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYSON SERVICE, INC., | Case No. 1:14-cv-01125-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | (ECF Nos. 13, 21, 26) |
| CRIMSON RESOURCE MANAGEMENT CORP. et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Currently before the Court is Defendants Crimson Resource Management ("Crimson") and Cal Royalty LLC's ("Cal Royalty") motion to dismiss the first amended complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The Court heard oral arguments on December 23, 2014. Counsel Douglas Lawrence Mahaffey appeared for Plaintiff Grayson Service, Inc., and counsel Ericka F. Houck Englert appeared for Defendants Crimson and Cal Royalty. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the December 23, 2014 hearing, as well as the Court's file, the Court issues the following order.

## I.

## PROCEDURAL BACKGROUND

Plaintiff Grayson Service, Inc. filed this action on July 17, 2014, against Defendants

1  Crimson and Cal Royalty.[1]  On July 29, 2014, Plaintiff filed a first amended complaint alleging

2  breach of contract, breach of the covenant and right to quiet enjoyment and possession, and

3  seeking declaratory relief.  On October 31, 2014, Defendants filed a motion to dismiss this action

4  pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim and

5  failure to join an indispensable party and a request for judicial notice.  Plaintiff filed an

6  opposition to the motion to dismiss on December 10, 2014.  Defendants filed a reply on

7  December 17, 2014.

8                                                    **II.**

9                            **FIRST AMENDED COMPLAINT ALLEGATIONS**

10          A lease originated in 1936 when Kern County Land Company ("lessor") conveyed to the

11  Ohio Oil Company ("lessee") the right to extract water, minerals and other hydrocarbon

12  substances from a 23 acre parcel of property located in Kern County (hereafter "Ohio Lease").

13  (First. Am. Compl. ¶ 8,[2] ECF No. 4.)  The agreement provided that the term of the lease would

14  be for twenty years and so long after as oil, gas, or other hydrocarbon substances were produced

15  from the property in amounts deemed to be paying quantities by the lessee, unless the lease in

16  whole or part was terminated sooner.  (Id. at ¶ 9.)

17          The lease further provided that the property was to be in the sole and exclusive

18  possession of the lessee, except that the lessor reserved the right to use or lease the land for

19  agricultural purposes that did not unnecessarily interfere with the operation of the land.  (Id. at ¶

20  10.)  The lease provided that the lessee could develop water on the parcel and the lessor reserved

21  the right to any unused water on the parcel as long as it did not interfere with the lease

22  unnecessarily.  (Id. at ¶ 11.)

23          The lessor was not liable or responsible to the lessee in damages from any defects, liens,

24  or encumbrances on title to the land or the assigned rights.  The lessee agreed to defend and

25  indemnify the lessor in the event of an assertion by others of a claim against the lessor due to the

26  _____

27  [1] The parties have consented to the jurisdiction of the magistrate judge.  (ECF Nos. 5, 16.)

28  [2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
CM/ECF electronic court docketing system.

1  extraction or removal of water, oil, gas or other hydrocarbon substance, except for that portion

2  that was the lessor's royalty, provided the lessor notified the lessee of any suit with reasonable

3  promptness and allowed the lessee's attorney to appear in the action.  (Id. at ¶ 12.)

4      Plaintiff contends that it is a lessee and was assigned the right to occupy 23 acres of real

5  property and the balance of approximately 250 acres in Kern County that stems from this lease.

6  (Id. at ¶¶ 5, 6.)  Plaintiff maintains a water well and pressure tank on the property which is

7  essential to their operations.  (Id. at ¶ 7.)  Plaintiff alleges that Defendant Crimson agreed that, to

8  defend claims challenging Plaintiff's title, they would enter into an attorney client relationship

9  with Plaintiff's attorneys.  (Id. at ¶ 13.)

10     In 2012, the Kern Water Bank Authority ("KWBA") filed an action alleging that in 1996

11  the property and mineral rights under the Ohio Lease were transferred to KWBA.  (Id. at ¶ 14.)

12  Plaintiff notified Defendant Crimson of these claims and requested they participate in defending

13  Plaintiff in the action.  (Id. at ¶ 15.).  Defendant Crimson initially assisted by providing records

14  establishing the chain of title.  (Id. at ¶ 16.)  Additionally, their agent appeared and testified

15  during the KWBA trial that Plaintiff had full possession to the surface rights subject only to

16  Defendant Crimson's use of the same surface rights as necessary for their oil operations and that

17  Plaintiff had rights to the remaining property subject to the lease restrictions for future

18  development.  (Id. at ¶ 16.)  Defendant Crimson acknowledged that the Ohio Lease gave Plaintiff

19  all rights arising under the lease, including surface access to all of the approximately 250 acres to

20  produce minerals, including the future rights to explore, drill and develop the leased minerals.

21  (Id. at ¶18.)

22     On February 10, 2014, judgment was entered in favor of KWBA which impacted

23  Plaintiff's right to use and possess the 23 acres.  (Id. at 19.)  The judgment included the

24  immediate right for KWBA to have and recover possession of the 23 acres.  (Id. at ¶ 20.)  The

25  judgment provided that a writ of possession could be issued by the Kern County Sheriff evicting

26  Plaintiff from the property.  (Id. at ¶ 21.)  Plaintiff contends that there are no surface rights

27  available for KWBA due to the assignment recorded November 18, 1988 in the County records.

28  (Id. at ¶ 22.)

1    Plaintiff contacted Defendant Crimson in June 2014 and advised them of the judgment,
2    that a motion for new trial had been filed, and that Plaintiff wanted them to cooperate.  (<u>Id.</u> at ¶
3    23.)  Defendant Crimson was requested to intervene or assign their rights to Plaintiff so that
4    Plaintiff could prevent the judgment from becoming final.  (<u>Id.</u> at ¶¶ 24, 25.)  Plaintiff requested
5    the Defendant Crimson assign their mineral interests with a modest reduction in royalty payment
6    so Plaintiff could pursue claims arising out of the leasehold estate and the assignment of mineral
7    interests against KWBA.  (<u>Id.</u> at ¶ 27.)

8    KWBA has entered into the balance of the 250 acres of the Ohio lease and installed and
9    is operating water extraction wells.  (<u>Id.</u> at ¶ 31.)  Defendant Crimson has refused to take any
10   steps to remove or cooperate in removing KWBA from the property.  (<u>Id.</u> at ¶ 32.)

11   Plaintiff brings this action against Defendants Crimson and Cal Royalty alleging breach
12   of contract, breach of the covenant and right to quiet enjoyment and possession, and for
13   declaratory relief that Defendant Crimson must defend the title to the property.

**III.**

**LEGAL STANDARD**

**A.    Failure to State a Claim**

17   Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on
18   the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A
19   complaint must contain "a short and plain statement of the claim showing that the pleader is
20   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not
21   require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-
22   unlawfully harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>
23   <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a
24   complaint, all well-pleaded factual allegations must be accepted as true.  <u>Iqbal</u>, 556 U.S. at 678-
25   79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
26   conclusory statements, do not suffice."  <u>Id.</u> at 678.

27   In deciding whether a complaint states a claim, the Ninth Circuit has found that two
28   principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint

1    "may not simply recite the elements of a cause of action, but must contain sufficient allegations

2    of underlying facts to give fair notice and to enable the opposing party to defend itself

3    effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair

4    to require the defendant to be subjected to the expenses associated with discovery and continued

5    litigation, the factual allegations of the complaint, which are taken as true, must plausibly

6    suggest an entitlement to relief. Starr, 652 F.3d at 1216.

7         **B.      Failure to Join a Party**

8         Rule 12(b)(7) provides that a party can move to dismiss for "failure to join a party under

9    Rule 19." In determining if a party is indispensable under Rule 19, the court first must decide if

10   the party is necessary and then determine whether the party is indispensable so that the suit must

11   be dismissed. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). In determining

12   if the party is necessary, the court must decide if complete relief is possible among those already

13   party to the suit, or alternately, whether the absent party has a legally protected interest in the suit

14   that will be impaired or impeded by its absence or expose the parties to a risk of multiple or

15   inconsistent obligations by reason of that interest. Makah Indian Tribe, 910 F.2d at 558;

16   Dawavendewa v. Salt River Project Agr. Imp. And Power Dist., 276 F.3d 1150, 1155 (9th Cir.

17   2002). If the party satisfies either of these alternative tests it is considered a necessary party in

18   this action. Dawavendewa, 276 F.3d at 1055. The necessary and indispensable inquiry under

19   Rule 19 is practical and fact specific and designed to avoid the harsh results of rigid application.

20   Hendricks v. Bank of America, N.A., 408 F.3d 1127, 1136 (9th Cir. 2005).

21                                          **IV.**

22                                     **DISCUSSION**

23        Defendants Crimson and Cal Royalty move to dismiss Plaintiff's first amended complaint

24   pursuant to Rule 12(b)(6) for failure to state a claim on the grounds that 1) Plaintiff's first and

25   second causes of action are premised on a lease to which Plaintiff has not alleged Defendants are

26   a party; and 2) neither the lease nor California law establishes the obligations Plaintiff alleges

27   have been breached; and pursuant to Rule 12(b)(7) for failure to join an indispensable party

28   under Rule 19. In their moving papers, both parties are seeking for the Court to consider facts

outside of those plead in the complaint.  However, as a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  There are two exceptions to this rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Therefore, the Court will only consider those facts properly plead in the complaint, documents relied on in the complaint, and proper requests for judicial notice.

### A.    Breach of Contract

Initially, Defendants contend that Plaintiff's first cause of action, breach of contract, fails to state a claim because Plaintiff has not pled the existence of a contract between the parties. (Notice of Mot. and Mot. to Dismiss Pl.'s First Am. Compl. Pursuant to Fed. R. Cvi. P. 12(b)(6) and (12)(b)(7) 5, ECF No. 13.)  Plaintiff counters that the complaint pleads sufficient facts to show that a lease exists between Plaintiff and Crimson.  (Opp. to Mot. to Dismiss Pl.'s First Am. Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) and (12)(b)(7) 8-9, ECF No. 21.)

Plaintiff's first cause of action against Defendants Crimson and Cal Royalty is for breach of contract.  Since this is a diversity action, California law applies to the state law claims. Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).  "Under California law, '[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.' "  Ehret v. Uber Technologies, Inc., __ F.Supp.3d __, 2014 WL 4640170, at *11 (N.D. Cal. Sept 17, 2014) (quoting CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).)

Plaintiff alleges that it has rights to occupy the subject property that arise under a lease entered into by Kern County Land Company and Ohio Oil Company.  (ECF No. 4 at ¶¶ 5-8.) This lease was assigned to Plaintiff.  (Id. at ¶ 5.)  By virtue of the lease, Defendant Crimson agreed to enter into an attorney-client relationship to defend claims challenging Plaintiff's title to the property.  (Id. at ¶ 13.)  At trial, Defendant Crimson's agent testified that Plaintiff had full possession of the surface rights, subject only to Crimson's right to the same surface rights as

1   necessary to their oil operation and that Plaintiff had rights to the remaining acreage.  (Id. at ¶
2   17.)  Crimson acknowledged that the Ohio Lease reserved all rights under the lease to Plaintiff.
3   (Id. at ¶ 18.)  After judgment was entered against Plaintiff, a motion for new trial was filed.  (Id.
4   at ¶ 23.)  Plaintiff contacted Defendant Crimson to advise them of the judgment and requested
5   Defendant Crimson to either assign their rights under the lease to Plaintiff or intervene to prevent
6   the judgment from becoming final.  (Id. at ¶¶ 23-24.)  KWBA has moved onto the property and
7   Defendant Crimson refuses to take steps to remove or cooperate in removing KWBA or
8   intervene to protect Plaintiff.  (Id. at ¶ 32.)

9        While Plaintiff alleges that it was assigned the lease and by virtue of the lease, Crimson
10   agreed to enter into a relationship to defend claims challenging Plaintiff's title, Plaintiff has not
11   alleged any facts to link Defendant Crimson to the Ohio Lease or to establish that any other
12   contract existed between the parties presently before the Court.  The essential elements of a
13   contract under California law are parties capable of contracting, consenting parties, a lawful
14   object, and consideration.  Cal. Civ. Code § 1550.  "Ordinarily, the obligations arising out of a
15   contract are due only to those with whom it is made; a contract cannot be enforced by a person
16   who is not a party to it or in privity with it, except under a real party in interest statute or, under
17   certain circumstances, by a third-party beneficiary."   17A Am.Jur.2d, Contracts § 416.
18   Plaintiff's factual allegations regarding the Ohio Lease are sufficient to establish that a contract
19   was entered into between Kern County Land Company and the Ohio Oil Company and at some
20   point Plaintiff was assigned some rights under the lease.  However, Plaintiff's conclusory
21   statement that Defendant Crimson is a lessor under a lease in which it is not named does not
22   show that Plaintiff and Defendant Crimson were both parties under that lease.

23        In order for there to be a breach of contract, Plaintiff must allege sufficient facts to show
24   that Plaintiff and Defendants Crimson and Cal Royalty are all parties to a contract.  Although
25   Plaintiff argues in opposition to the motion to dismiss that the Lessor has an obligation to defend
26   the rights of the lessee, Plaintiff has not alleged any facts in the complaint that Defendants
27   Crimson or Cal Royalty were lessors in any contract with Plaintiff.  Plaintiff's allegations that
28   Defendants' agent testified at the underlying trial regarding the rights to the property at issue

1    here is not sufficient for the Court to conclude that a contract existed between Plaintiff and

2    Defendant Crimson.  Further, other than the statement that Cal Royalty is a California Foreign

3    Limited-Liability Company whose nerve center and principal place of business is in Denver,

4    Colorado, the complaint is devoid of any mention of Cal Royalty.  Plaintiff has failed to state a

5    plausible claim for breach of contract; and Defendants' motion to dismiss the first cause of

6    action for breach of contract shall be granted.

7        **B.        Obligation to Defend**

8        Defendants also argue that even if a contract exists, the obligation to defend Plaintiff's

9    title is not part of the contract.  Paragraph 24 of the Ohio Lease states:[3]

10           The Lessee accepts as satisfactory to itself the title of the Lessor to the demised
             premises, and agrees that (a) the Lessor shall not be liable or responsible to the
11           Lessee in damages or otherwise by reason of any defects in or liens or
             encumbrances on the Lessor's title or any want of title in the Lessor to the
12           demised premises or any portion thereof or to any oil, gas or other hydrocarbon
             substances therein contained or found or produced thereon or taken, therefrom,
13           and (b) that in the event of the assertion by others of any claim against the Lessor
             on account of the extraction or removal from the demised premises of oil, gas or
14           other hydrocarbon substance by the Lessee; the Lessee will defend and indemnify
             and save and hold the Lessor harmless from all of such claims except such portion
15           thereof as represents the Lessor's royalty; provided that upon receiving notice
             thereof, the Lessor shall notify the Lessee with reasonable promptness of the
16           filing of any action or suit for the assertion of any such claim and shall allow the
             Lessee the privilege of having its attorneys appear therein either alone or in
17           association with the Lessor's attorneys (as the Lessor may elect) in defending any
             such action or suit on behalf of the Lessor, each party paying the expenses of its
18           own attorneys.

19    (Oil and Gas Lease – The Ohio Oil Company, "B" Lease ¶ 24, attached as Exhibit 1 to Compl.)

20        While Plaintiff argues that the contract creates an obligation for the lessor to defend any

21    challenges to the lessee's title, Defendants argue that such a reading of the lease is directly

22    contrary to the language of the lease itself.  Defendants contend that the only duty regarding title

23    the lessor has under the lease occurs only where the lessor receives notice of a claim "against the

24    Lessor on account of the extraction or removal from the [Property] of oil, gas or other

25    _____

26    [3] The incorporation by reference doctrine allows material that is attached to the complaint to be considered on a
      motion to dismiss, as well as "unattached evidence on which the complaint 'necessarily relies' if : (1) the complaint
27    refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of
      the document." Corinthian Colleges, 655 F3d at 999.  Since the Ohio lease is attached to Plaintiff's complaint, is
28    referred to in the complaint, is central to Plaintiff's claims, and no party questions the authenticity of the document,
      the Court shall consider the Ohio lease in deciding the motion to dismiss.

1  hydrocarbon substances of the Lessee." (ECF No. 13 at 7.)  The only duty the lessor has in this

2  circumstance is to notify the lessee and allow the lessee's attorney to appear in any such action,

3  "as the Lessor may elect." (Id.)  At the December 23 hearing, Defendants also argued that the

4  lease only provides for the lessee to indemnify the lessor.  (See ECF No. 11 at ¶ 23.)

5       A contract "provision is ambiguous when it is capable of two or more constructions both

6  of which are reasonable."  Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co. (Bay

7  Cities), 5 Cal.4th 854, 867 (1993) (quoting Suarez v. Life Ins. Co. of North America 206

8  Cal.App.3d 1396, 1402 (1988)).  "Language in a contract must be construed in the context of that

9  instrument as a whole, and in the circumstances of that case, and cannot be found to be

10 ambiguous in the abstract." Bay Cities, 5 Cal. 4th at 867 (citations omitted.)  The Court finds

11 that the terms of the contract claims relevant to the issues addressed here are unambiguous and

12 therefore resolution on a motion to dismiss is proper.  Monaco v. Bear Stearns Residential

13 Mortg. Corp., 554 F.Supp.2d 1034, 1040 (C.D. Cal. Jan. 28, 2008); Rennie & Laughlin, Inc. v.

14 Chrysler Corp., 242 F.2d 208, 209-12 (9th Cir. 1957).

15      While paragraph 23 provides that the lessee shall indemnify the lessor, no similar

16 provision exists for the lessor to indemnify the lessee.  Paragraph 24 of the Ohio Lease states that

17 the lessee accepts that the title to the leased property is satisfactory and that the lessee agrees to

18 two issues regarding liability.

19      First, under subsection (a), the lessor is not liable or responsible to the lessee for any

20 defects in or liens or encumbrances on the title, or any want of title in the lessor to any portion of

21 the property or to any gas or other hydrocarbon substances contained, found or produced on or

22 taken from the property.  Second, under subsection (b), the lessee agrees to defend, indemnify,

23 and hold harmless the lessor from any claims asserted against the lessor due to the extraction or

24 removal of the property of any gas, oil, or hydrocarbon substance from the property.  Review of

25 the plain language of the lease itself does not contain any agreement that the lessor will defend

26 the title to the property.  On the contrary, the lease states that the lessee accepts the title as

27 satisfactory and the lessor is not liable or responsible for any defects in the title.  Neither

28 paragraph 24 nor other language in the lease that the lessor agrees not to unnecessarily interfere

1  with the operations of the lessee show that the lessor specifically agreed to defend the lessee's

2  rights to the surface against a third party claiming superior title.  (ECF No. 21 at 11).

3        Plaintiff also alleges that pursuant to the lease, Defendants have an obligation to defend

4  the title if they are promptly notified of any suit.  However, the contract provides that the lessor

5  must notify the lessee of the assertion of any claim and allow the lessee to have its attorneys

6  appear in the action to defend an action on behalf of the lessor.  There is no allegation that a suit

7  was brought against the lessor, so the obligation to allow the lessee's attorney to defend such an

8  action is not at issue here.

9        The language of the lease itself does not create an obligation for the lessor to defend the

10  title of the property on behalf of the lessee.  Defendants' motion to dismiss on this ground shall

11  be granted.

12     **C.     Breach of the Covenant and Right to Quiet Enjoyment and Possession**

13        Defendants argue that as a matter of law, the doctrine of quiet enjoyment and California

14  Civil Code section 1927 do not require a landlord to defend claims on title made against a tenant.

15  (ECF No. 13 at 7-8.)  Plaintiff contends that by failing to intervene to protect the title challenge

16  by KWBA Defendants interfered with their right to quiet enjoyment and possession of the

17  property in violation of the contract and Civil Code section 1927.  (ECF No. 21 at 11-15.)

18        In the absence of contrary language, "every lease contains an implied covenant of quiet

19  enjoyment."     Petroleum  Collections  Inc.  v.  Swords,  48  Cal.App.3d  841,  846  (1975).

20  Additionally, California law provides that "[a]n agreement to let upon hire binds the letter to

21  secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all

22  persons lawfully claiming the same."  Cal. Civ. Code § 1927.  "Section 1927 and "the covenant

23  of quiet enjoyment on the part of the lessor means that the tenant shall not be evicted or disturbed

24  by the lessor, or by persons deriving title from him, **or by virtue of a title paramount to his**."

25  Lost Key Mines v. Hamilton, 109 Cal.App.2d 569, 572-73 (1952) (emphasis added).  The

26  implied covenant of quiet enjoyment imposes upon each of the parties an obligation to do

27  everything that the contract presupposes they will do to accomplish the contract's purpose.

28  Andrews v. Mobile Aire Estates, 125 Cal.App.4th 578, 589 (2005).

1    Initially construed as only protecting the lessee against physical interference, this right to

2   quiet enjoyment has been expanded to protect "the tenant against any act or omission on the part

3   of the landlord, or anyone claiming under him, which interferes with a tenant's right to use and

4   enjoy the premises for the purposes contemplated by the tenancy."  Petroleum Collections, Inc.,

5   48 Cal.App.3d at 846.  An actionable breach of the implied covenant need not be by the landlord

6   personally, but can be caused by a neighbor or another claiming under the landlord.  Andrews,

7   125 Cal.App.4th at 589.

8    Defendants rely on Andrews to argue that the covenant does not apply where a third party

9   claiming title is the cause of the disturbance.  While the covenant has been expanded to include

10   interference other than those directly related to title, the covenant of quiet enjoyment is "the

11   grantor's promise that the grantee's possession will not be disturbed by any other claimant with a

12   superior lawful title."  21 C.J.S. Covenants § 19.  A third party's claim to superior title would be

13   within the covenant of quiet enjoyment.  See McAlester v. Landers, 70 Cal. 79, 82 (1886) (the

14   rule for the covenant of quiet enjoyment is that the lessor had title to the property leased and the

15   power and right to demise it); Standard Live Stock Co. v. Pentz, 204 Cal. 618, 632-33 (1928)

16   (suit by lessee against lessor due to foreclosure on the leased property); Kelly v. Dutch Church of

17   Schenectady, 2 Hill 105, 109-110 (Sup. Ct. N.Y. 1841) (in action for breach of covenant of quiet

18   enjoyment plaintiff must prove that he was evicted by a person who had lawful title to the

19   property and that the evictor had such title before or at the time the property was conveyed by the

20   defendant).

21    However, as discussed above, Plaintiff has not alleged any facts that a lease existed

22   between Plaintiff and Defendants Crimson or Cal Royalty.  Therefore, Plaintiff fails to state a

23   claim for breach of the covenant and right to quiet enjoyment and possession.

24    Further, while Defendants ask the Court to find as a matter of law that the right to quiet

25   enjoyment does not require them to defend Plaintiff's title in the state law suit, neither party has

26   cited a case that specifically addresses the issue.  Plaintiff cites Petroleum Collections Inc. which

27   held that a "the landlord's failure to fulfill an obligation to repair or to replace an essential

28   structure or to provide a necessary service can result in a breach of the covenant if the failure

1    substantially affects the tenant's beneficial enjoyment of the premises."  48 Cal.App.3d at 846.

2    However, the duty to repair or replace is not coextensive with a duty to defend a lawful challenge

3    to the title of the property.

4         Plaintiff also cites to <u>Andrews</u> for the proposition that a landlord has a duty to protect a

5    tenant from third parties interfering with their right to quiet enjoyment of the property.  Initially,

6    the Court notes that <u>Andrews</u> is distinguishable as it dealt with the Mobilehome Residency Law

7    which is an extensive statutory scheme governing mobilehome park tenancies and expressly

8    authorizes a mobilehome park owner to take necessary steps to preserve the quiet enjoyment of

9    the tenants of the mobilehome park.  <u>Andrews</u>, 125 Cal.App.4th at 591-92.  Further, the lease in

10   <u>Andrews</u> contained a provision that the landlord would try to maintain the peace and quiet in the

11   mobilehome park.  <u>Id.</u> at 594.  The Court in <u>Andrews</u> found this provision expressly provided

12   that the landlord undertook to try to protect mobilehome resident's quiet enjoyment of the

13   premises and this required the landlord to do everything the contract presupposes that will be

14   done to accomplish its purpose.  <u>Id.</u>

15        In the Ohio lease, the lessor maintained the exclusive rights to use the surface or allow

16   others to use the surface in a manner that does not interfere with the lessee's interests.  (ECF No.

17   1-1 at ¶ 3.)  However, in this instance, Defendants are not allowing others to use the surface of

18   the land.  The state court has determined that KWBA has the sole legal right to possession of the

19   land and Plaintiff previously had a lease with the State that addressed the rights to the surface of

20   the property.

21        While Plaintiff alleges that KWBA are trespassers on the property, the state court has

22   adjudicated this issue and found KWBA to have the right to possession of the property.  KWBA

23   are clearly not trespassers.  To the extent that Plaintiff seeks a declaration otherwise, this Court

24   finds that KWBA is an indispensable party as described below and the issue cannot be

25   adjudicated in this forum.

26        Finally, Plaintiff alleges in the complaint facts to show that Defendants did assist in

27   defending Plaintiff's title in the state court case by providing documents and an individual to

28   testify on Plaintiff's behalf at trial regarding the chain of title.  To the extent that the issue of

1     failure to defend is raised in the amended complaint, absent specific legal authority on point, it

2     appears that whether Defendants' efforts in the state court action were sufficient to satisfy their

3     duty under the covenant or whether Defendants breached the covenant by failing to participate in

4     the challenge to the state court decision is a matter to be decided by the trier of fact and is not

5     suitable for decision in a motion to dismiss.

6          **D.**      **Assignment**

7          Plaintiff states that it was assigned the right to occupy 23 acres of real property and the

8     balance of approximately 250 acres in Kern County under the Ohio Lease. Mere assignment of a

9     lease does not establish that the terms of the lease were assumed by the assignee. Kelly v. Tri-

10     Cities Broadcasting, Inc., 147 Cal.App.3d 666, 673 (1983). Other than the conclusory statement

11     that Plaintiff was assigned the lease, Plaintiff has set forth no factual allegations regarding the

12     assignment.

13          A lease has a dual character as it conveys an estate for years and creates a contract

14     between the lessor and the lessee. Kelly, 147 Cal.App.3d at 676. These dual obligations under

15     the lease are created by the terms of the agreement of the parties which arise by privity of

16     contract, and obligations imposed under the law from the creation of the tenancy which arise

17     from privity of estate. Id. Absent an express assumption of the obligations of the lease there is

18     no privity of contract between the original landlords and the assignee. Id.

19
20
21
22

> Covenants of title or possession are not implied in the assignment of a lease, even though the words "grant" or "demise" are used in the assignment, since the object is to put the assignee in the place of the lessee. Since the assignor parts with his or her entire interest, an assignee evicted by the lessor ordinarily has no cause of action for damages against the assignor. . . .

23     49 Am. Jur. 2d Landlord and Tenant § 950.

24          Based upon the assignment of the rights under the lease, Plaintiff may be entitled to

25     proceed against the lessor for the breach of the lease or the implied covenant of quiet enjoyment.

26     Marchese v. Standard Realty & Dev. Co., 74 Cal.App.3d 142, 147 (1977). However, Plaintiff

27     has not alleged that Defendants Crimson and Cal Royalty are parties to the Ohio Lease, and

28     therefore Plaintiff cannot state a claim against these defendants based upon the Ohio Lease. Id.

at 147.   Further, it is unclear that assuming some agreement exists between Plaintiff and Defendants Crimson and Cal Royalty, that they would be lessors under the Ohio Lease.   If Defendants Crimson or Cal Royalty were lessees who assigned their rights to Plaintiff, they would be assignors, not lessors under the Ohio Lease.   Pacific Coast Agr. Export Ass'n v. Sunkist Growers, Inc., 526 F.2d 1196, 1207-8 (9th Cir. 1975) (assignee steps into the shoes of its assignors).

### E.    Indispensable Party

Defendants argue that this action must be dismissed as KWBA is an indispensable party and its joinder in this action would destroy diversity jurisdiction.  (ECF No. 13 at 9-13.)  Plaintiff counters that KWBA is neither necessary nor indispensable in this action as it deal specifically with the malfeasance of Defendant Crimson in failing to fulfill its obligations to defend title to the property.  (ECF No. 21 at 15-19.)

The Court agrees with Plaintiff that to the extent that this action is based on any failure by Defendant Crimson to fulfill obligations that were created by contract, KWBA is not a necessary party.  However, the first amended complaint also seeks a declaration that Crimson has sole and exclusive use of the surface of the subject 23 acres, except for oil and gas lessee rights, and that KWBA cannot continue to operate the water wells located on the Ohio Lease.  (ECF No. 4 at ¶ 52.)

Joinder of parties in this action is a procedural issue governed by the Federal Rules of Civil Procedure.  Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 125 (1968).  Whether KWBA is a necessary party to this action is governed by Federal Rule of Civil Procedure 19.  Rule 19 provides that a party who will not deprive the court of subject-matter jurisdiction must be joined if "in that person's absence, the court cannot accord complete relief among existing parties;" or that person's absence "would as a practical matter impair or impede the person's ability to protect the interest;" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. . . ." Fed. R. Civ. P. 19(a)(1(B).  This involves a three step inquiry: 1) Is the absent party necessary? 2) If the party is necessary, is it feasible to order the absent party to be joined in the action? and 3) If

1   joinder is not feasible, can the action proceed without the absent party, or is the party

2   indispensable requiring the action to be dismissed.  Salt River Project Agr. Imp. And Power Dist.

3   v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012).  If a non-party is determined to be required in the

4   action, "the court must determine whether, in equity and good conscience, the action should

5   proceed among the existing parties or should be dismissed."   Cachil Dehe Band of Wintun

6   Indians of the Colusa Indian Cmty. v. California ("Colusa"), 547 F.3d 962, 969 (9th Cir. 2008)

7   (quoting Fed.R.Civ.P. 19(b)).  In this instance, Defendants have demonstrated that KWBA is a

8   necessary party under subsection (B).

9        KWBA filed suit in Kern County Superior Court against Plaintiff seeking declaratory

10  relief, an injunction, ejectment, and restitution.  (First Am. Compl. attached at EC No. 14-1.)

11  The action alleged that the State of California transferred land that is the subject of the Ohio

12  Lease to KWBA and the state assigned all leases to KWBA in a document recorded in 1996.  (Id.

13  at ¶¶ 7-9.)  KWBA asserted that their lease with Plaintiff terminated on March 21, 2010 and

14  Plaintiff removed some improvements from the property but did not surrender complete

15  possession of the property.[4]  (Id. at ¶¶ 14-15.)  KWBA sought an injunction that Plaintiff must

16  surrender the property and deliver a quit claim deed to KWBA, and must vacate and cease

17  operations on the property; ejectment from the property; and damages.  (Id. at p. 10-11.)

18  Plaintiff filed a cross complaint against KWBA asserting that it leased the mineral rights to the

19  property and had the right to access all service area of the property.  (Cross-Complaint of

20  Grayson Service, Inc. ¶¶ 5-7, ECF No. 14-2.)  Plaintiff alleged that KWBA had conveyed the oil

21  and gas leases to other companies and sought a declaration that KWBA had no right to interfere

22  with the gas and oil operations and the lease to Plaintiff was in force and effect and valid.  (Id. at

23  p. 3-4.)

24       Following a trial in state court, the judge issued a ruling denying Plaintiff's counter-claim

25  and finding that Plaintiff was wrongfully occupying the 23 acres that is the subject of the Ohio

26  _____

27  [4] It is unclear from the allegations in the first amended complaint whether there is a second lease that the state court
    suit adjudicated.  At the hearing, the parties agree that there was a second surface lease that existed until it was
    terminated as alleged in the state court action.  A copy of this second lease is attached as Exhibit 2 to the motion to

28  dismiss.  (ECF No. 13-2.)

1  Lease, and that Plaintiff must immediately surrender possession of the property to KWBA,

2  deliver a recordable quit claim deed to KWBA, and shall not conduct any business operation on

3  the property.  Kern Water Bank Authority v. Grayson Service, Inc., No. S-1500-cv-275141-WDP

4  (Sup. Ct. Feb. 10, 2014) (attached as Exhibit 4 at ECF No. 14-3).

5        1.      KWBA Has a Legally Protected Interest in the Subject Manner of this Litigation

6        First, the Court must consider if KWBA has a legally protected interest in this action.

7  The legally protected "interest must be more than a financial stake and more than speculation

8  about a future event."  Makah Indian Tribe, 910 F.2d at 558 (internal citations omitted).  The fact

9  that the outcome of litigation may have some financial consequence for a non-party is not

10  sufficient to make the non-party necessary in the action.  Colusa, 547 F.3d at 972.  If the court

11  finds that a legally protected interest exists, the court must determine whether the interest of the

12  absent party will be impaired or impeded by the suit.  Makah Indian Tribe, 910 F.2d at 558.

13        KWBA has previously brought suit and has been adjudicated to have title to the property

14  that is the subject of this litigation.  Plaintiff's request for a declaration that Crimson has the sole

15  and exclusive rights to the surface area and that KWBA cannot continue to operate its water

16  wells on the property is aimed at KWBA.  Colusa, 547 F3d at 972.  Clearly, KWBA, having

17  already been determined to have the legal right to possession of the property, has a legally

18  protected interest in the adjudication of this matter.

19        The parties currently before the Court in this action are not positioned to represent the

20  interests of KWBA.  Plaintiff's interests are clearly adverse to KWBA and there is no reason for

21  Defendants, who are not associated with KWBA to represent their interests.  Litigating the

22  surface rights of the property without the presence of KWBA in this action will prejudice

23  KWBA.  KWBA has a legally protectable interest in the subject of this litigation such that a

24  decision without KWBA's presence would impair or impede its ability to protect that interest.

25        2.      The Decision in this Action Could Subject KWBA to Inconsistent Obligations

26        Alternately, KWBA would be required to be joined under Rule 19(a)(B)(ii) if the result

27  of the current litigation would subject them to inconsistent obligations.  "Inconsistent obligations

28  are not the same as inconsistent adjudications or results."  Colusa, 547 F.3d at 976 (internal

16

1    punctuation and citations omitted).  "Inconsistent obligations occur when a party is unable to

2    comply with one court's order without breaching another court's order concerning the same

3    incident.  Inconsistent adjudications or results, by contrast, occur when a defendant successfully

4    defends a claim in one forum, yet loses on another claim arising from the same incident in

5    another forum."  Id. at 976 (citations omitted).

6           Since the state court has issued a decision that KWBA is entitled to sole possession of the

7    property, a ruling by this Court that Defendant Crimson is entitled to possession of the property

8    would subject the parties to inconsistent obligations because operating under one court's order

9    would necessarily involve violating another court's order regarding the same issue.  Colusa, 574

10   F.3d 976.  Accordingly, the Court finds that KWBA is a necessary party to the requests for

11   declaratory relief regarding title and possession of the property.

12          3.      KWBA is an Indispensible Party to the Claims for Declaratory Relief

13          "If an absentee is a necessary party under Rule 19(a), the second stage is for the court to

14   determine whether it is feasible to order that the absentee be joined."  Camacho v. Major League

15   Baseball, 297 F.R.D. 457, 462-63 (S.D. Cal. 2013) (quoting Equal Emp. Opportunity Comm'n v.

16   Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir.2005)).  Joinder is not feasible where venue is

17   improper, the absent party is not subject to personal jurisdiction, or joinder would destroy subject

18   matter jurisdiction.  Camacho, 297 F.R.D. at 464.  At the December 23 hearing, the parties stated

19   they do not dispute that joinder of KWBA in this action will destroy diversity jurisdiction.[5]

20          Having determined that KWBA is a necessary party to the claims in this action, the Court

21   must determine whether KWBA is indispensable so that the action must be dismissed.  Makah

22   Indian Tribe, 910 F.2d at 558.  This requires the court to consider another four-part analysis: 1)

23   the prejudice to any party that might result from judgment; 2) whether the relief can be shaped to

24

25   [5] Defendants have submitted a declaration stating that KWBA is a public entity, sometimes referred to as "Joint
     Powers Authority," formed around October 1995 pursuant to the Joint Exercise of Powers Act, California
26   Government Code § 6500 et seq.  (Decl. of Jonathan Parker ¶ 2, ECF No. 13-1.)  In determining whether joinder is
     required the Court may consider the Court can consider evidence outside the pleadings.  Camacho v. Major League
27   Baseball, 297 F.R.D. 457, 461 (S.D. Cal. 2013).  "[A]n entity created by the State which functions independently of
     the State with authority to sue and be sued, such as an independent authority or a political subdivision of the State,
28   can be a "citizen" for purposes of diversity jurisdiction.  S. Carolina Dep't of Disabilities & Special Needs v. Hoover
     Universal, Inc., 535 F.3d 300, 303 (4th Cir. 2008).

avoid dismissal; 3) if an adequate remedy can be awarded without the absent party; and 4) whether the plaintiff has an adequate remedy if the action is dismissed for nonjoinder.  Id. at 560.

As discussed above, KWBA has a legally protected interest in subject property which has been decided by the state court.  There is no representative present in this action to protect KWBA's interest in adjudicating whether another party has superior rights to the property.  KWBA would suffer prejudice were this court to adjudicate whether Defendant Crimson has sole and exclusive rights to the same property that has been held by the state court to belong to KWBA.  Here, there is no manner in which this Court can shape the requested relief in regards to who has the surface rights to the property and KWBA's right to water wells on the property to avoid prejudice to KWBA.

There is an adequate forum for Plaintiff to adequately remedy the claims as Plaintiff is adjudicating the claim regarding whether KWBA has superior property rights in state court.  Accordingly, the Court finds that KWBA is an indispensable party in regards to the surface rights on the property.  These claims shall be dismissed without leave to amend.  Plaintiff shall be provided with an opportunity to amend the complaint to cure the deficiencies in the remaining claims.

4.    Amendment

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.

Defendants seek to have this complaint dismissed without leave to amend.  However, as discussed above, it is not clear that Plaintiff cannot amend his complaint to show that a contract exists between the parties here and that the contract was breached.  Further, if Plaintiff is able to plead facts to show that a contract exists, Plaintiff may be able to allege facts sufficient to state a plausible claim that the contract and implied covenants have been breached.  Plaintiff shall be

granted leave to amend its claims consistent with this opinion.

## V.

### CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff has failed to state any cognizable claims in the complaint.  Further, the Court finds that KWBA is an indispensable party whose joinder in this action would defeat diversity jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendants' motion to dismiss, filed October 31, 2014, is GRANTED;

2.    Plaintiff's claims for declaratory relief regarding rights to possession of the property are DISMISSED without leave to amend;

3.    Within thirty (30) days, Plaintiff shall file an amended complaint to cure the deficiencies in the remaining claims; and

4.    Failure to file an amended complaint in compliance with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated:   __December 24, 2014__

_____
UNITED STATES MAGISTRATE JUDGE