# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYSON SERVICE, INC., | Case No.  1:14-cv-01125-SAB |
| Plaintiff, | ORDER ADDRESSING INFORMAL DISCOVERY DISPUTE |
| v. | |
| CRIMSON RESOURCE MANAGEMENT CORP. et al., | FIVE DAY DEADLINE |
| Defendants. | |

On August 5, 2015, the Court conducted an informal telephonic discovery dispute conference with the parties to this action.  Counsel Douglas Mahaffey appeared for Plaintiff Grayson Service, Inc. and counsel Ericka Houck Englert appeared for Defendants Cal Royalty, LLC ("Cal Royalty") and Crimson Resource Management Corp. ("Crimson").  The Court has considered the parties' letter briefs and the argument at the August 5, 2015 informal teleconference, as well as the record in this action, and issues the following order.

## I.

## BACKGROUND

Plaintiff brings this action based upon diversity jurisdiction.  Following several motions to dismiss and a motion for new trial, this action is proceeding on the second amended complaint on claims that Defendants Cal Royalty and Crimson 1) breached the covenant of quiet enjoyment

1 and 2) for breach of contract with respect to Kern Water Bank Authority's interference with Plaintiff's water rights on the property outside the 23 acre parcel that is the subject of this dispute. (ECF No. 29.)

On July 16, 2015, Defendants filed a motion to dismiss on the grounds of lack of diversity jurisdiction and that the non-diverse party is an indispensable party to this action. (ECF No. 51.) Defendants state that Cal Royalty and Plaintiff are both citizens of California so diversity jurisdiction does not exist between these parties. Further, Defendants contend that Cal-Royalty is the owner of the mineral interests that are subject to this suit and therefore is an indispensable party in this action.

On July 31, 2015, the parties contacted the Court requesting an informal teleconference regarding a discovery dispute. (ECF No. 52.) The parties submitted letter briefs informing the Court of their positions on August 4, 2015.

## II.

## DISCUSSION

Plaintiff contends that it has been attempting to conduct depositions of Gary Buntmann, Crimson's majority owner; Teresa Kenny, Crimson's land and title officer; and a designee of Crimson for a number of categories, including the ownership of Cal Royalty. Plaintiff is seeking an order continuing the hearing on the motion to dismiss for 60 days and an order compelling the witnesses to attend depositions and testify on all relevant topics including, but not limited to questions concerning diversity jurisdiction and Mr. Buntmann's declaration submitted in support of the motion to dismiss, and the relationship of the defendants to each other and under the various agreements subject to the lawsuit.

### A.   Jurisdictional Discovery

Defendants have moved to have Plaintiff's second amended complaint dismissed for lack of jurisdiction. In support of its motion to dismiss, Defendants have submitted the Articles of Organization for Cal Royalty, filed with the Colorado Secretary of State. The document is dated December 29, 1995. Included is the operating agreement showing that the members of the LLC are Cardinal Resource Management Corp, a Colorado corporation and a California limited

2

1 partnership with the name redacted. (ECF No. 51-1.) Defendants have also included the
2 declaration of Gary Buntmann, the President of Cardinal Management Corp, which states that
3 Cardinal Resource Management Corp. is the manager of Cal Royalty. (ECF No. 51-2.) Mr.
4 Buntmann declares that the only other member of Cal Royalty is a California limited partnership
5 whose general partner is an individual who lives in the state of California with his family. Mr.
6 Buntmann states that he has known this individual for more than thirty years. Mr. Buntmann
7 states that this individual has "fixed his primary residence in California for decades and has no
8 known plan to move outside California." (ECF No. 51-2.) The individual's primary occupation
9 is as principal of another company in California that provides management consulting services,
10 and has run that company for over two decades. He has also worked for and served on the board
11 of several other California businesses. He has a California driver's license and owns at least one
12 vehicle licensed in the state of California; owns real and personal property in the state; and pays
13 taxes in the state of California. The name and address of the LLP has been redacted to protect
14 the privacy of the individual as he is a passive investor that plays no role in the management of
15 the operations of Cal Royalty.

16 Plaintiff seeks to conduct the deposition of Mr. Buntmann to inquire into the statements
17 of the deposition as well as other issues regarding the relationship between Cal Royalty and
18 Crimson. Defendant opposes discovery on Cal Royalty's citizenship arguing it is inappropriate.
19 Defendant contends that limited discovery may be warranted only where there is a genuine
20 factual dispute over the question of jurisdiction and Plaintiff has made no minimal showing of
21 diversity.

22 In Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006), the
23 Ninth Circuit considered a case in which the defendant was a limited partnership and the two
24 partners were limited liability companies. Id. at 899. The court held that an LLC is a citizen of
25 every state of which its owners/members are citizens. Id. The Supreme Court has rejected the
26 argument that the character of the ownership is relevant to the citizenship of an artificial entity.
27 Carden v. Arkoma Associates, 494 U.S. 185, 192 (1990) ("We have never held that an artificial
28 entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal

1 courts based on the citizenship of some but not all of its members." The amount of control
2 exercised over the entity plays no part in the decisions regarding citizenship.)

3  In the second amended complaint, Plaintiff alleges that Cal Royalty is a California
4 Foreign Limited Liability Company whose nerve center of operations and principal place of
5 business is in Denver, Colorado. (ECF No. 29 at ¶ 4.) If, as Defendants contend, Plaintiff has
6 failed to identify the citizenship of the members of the LLC, Plaintiff has failed to allege facts to
7 invoke diversity jurisdiction, and Defendants' motion to dismiss will be granted on that ground.
8 See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual
9 circumstances, a party seeking to invoke diversity jurisdiction should be able to allege
10 affirmatively the actual citizenship of the relevant parties."); Ace Ventures, LLC v. LQK, LLC,
11 2006 WL 2882481, at *1 (D. Az. Oct. 4, 2006) (dismissing complaint for failure to allege
12 citizenship of LLC); Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed.Appx. 62,
13 64 (9th Cir. Feb. 8, 2011) (unpublished) (in removal context "notice of removal fails to state the
14 citizenship of the partners and members of defendants . . . and thus, Appellees have failed to
15 satisfy their burden to show complete diversity between the parties."). A party asserting
16 diversity jurisdiction bears the burden of proof and the plaintiff's failure to specify the state
17 citizenship of the parties is fatal to the assertion of diversity jurisdiction. Kanter, 265 F.3d at
18 858.

19  Rule 15 of the Federal Rules of Civil procedure governs the amendment of complaints.
20 Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires."
21 Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting
22 Fed. R. Civ. P. 15(a)). If Plaintiffs' amended complaint is dismissed due to failure to allege
23 jurisdictional facts this is a deficit that could be corrected by amendment; and generally, the
24 Court grants leave to amend for such failure in the pleading. In any amended complaint, Plaintiff
25 will be required to expressly identify the citizenship of each member of the limited liability
26 company. While Defendants contend that the defect cannot be cured, Plaintiff argues the
27 declaration submitted by Defendants is nothing more than hearsay and lacks sufficient
28 foundation. The Court agrees that the declaration of Mr. Buntmann is hearsay and cannot be

considered in determining the issues raised in the motion to dismiss.  Plaintiff seeks to depose Mr. Buntmann on the issue of California citizenship and lack of diversity.

The district court has broad discretion to grant or deny discovery, and "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir.1986)).  The Court finds that there is a genuine dispute as to the citizenship of Cal Royalty.  Further, from the pleadings and the evidence provided by Defendants, the Court is unable to determine if diversity jurisdiction exists in this action.

It appears that this issue can be resolved by requiring Defendants to provide the unredacted copy of the exhibits attached to their motion to dismiss.  Defendants assert they are attempting to protect the privacy rights of the individuals involved, but this information is relevant in this action by virtue of their membership in the LLC.  Further, the identity of the members of the LLC does not implicate the privacy rights of the individuals.  Defendants do not provide any authority to allow them to fail to disclose this relevant information.  Further, based on Defendants concern regarding the disclosure of this information, Plaintiff has offered to enter into an attorney eyes only protective order; and the Court finds that this is sufficient to address any privacy concerns.

Accordingly, Defendants shall be ordered to provide unredacted copies of Exhibit 51-1 to Plaintiff.

**B.     Discovery on Relationship of Defendants**

Plaintiff seeks to conduct depositions to oppose the motion to dismiss on the ground that Cal Royalty is an indispensable party to this action.  Plaintiff's claims in this action all derive out of the alleged breach of the Ohio lease.  The parties to the lease are Plaintiff and Cal Royalty.  In determining whether Cal Royalty is an indispensable party, the issue is whether Cal Royalty has a legally protected interest in the suit that will be impaired or impeded by its absence or expose the parties to a risk of multiple or inconsistent obligations by reason of that interest.  Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

1     Plaintiff argues that it is entitled to discovery to determine the relationship of the parties. Rule 12(b)(7) provides that a party can move to dismiss for "failure to join a party under Rule 19." Rule 19 provides that a party who will not deprive the court of subject-matter jurisdiction must be joined if "in that person's absence, the court cannot accord complete relief among existing parties;" or that person's absence "would as a practical matter impair or impede the person's ability to protect the interest;" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. . . ." Fed. R. Civ. P. 19(a)(1)(B).

    Plaintiff argues that <u>Wallis v. Centennial Ins. Co., Inc.</u>, 927 F.Supp.2d 909 (E.D. Cal 2012), supports their position Crimson could be liable for a breach of contract without being a party to the contract. The issue in <u>Wallis</u> was whether an agent can be held liable for a breach of contract. In the current motion to dismiss, Defendants are not disputing that agency liability could exist in this action. However, the issue currently for decision is whether this Court can adjudicate the breach of contract claim to which Cal Royalty is the contracting party without their presence in the action.

    Plaintiff contends that it needs to conduct discovery to further understand the Defendants' business operations to oppose the motion to dismiss as an indispensable party. In considering the motion to dismiss, the Court accepts all factual allegations in the complaint as true. <u>Lacano Investments, LLC v. Balash</u>, 765 F.3d 1068, 1071 (9th Cir. 2014). In the second motion to dismiss, the Court found that Plaintiff had stated an agency theory of liability against Defendant Crimson. The issue to be addressed in the current motion to dismiss is whether this Court can litigate a breach of contract claim without Cal Royalty's presence in this action. Plaintiff's motion to conduct depositions to determine the relationship of Cal Royalty and Crimson is denied.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendants shall provide Plaintiff's counsel with an unredacted copy of ECF No.

51-1 within five (5) days from the date of service of this order; and

2. Plaintiff's motion for discovery is DENIED in all other aspects.

IT IS SO ORDERED.

Dated: **August 6, 2015**

UNITED STATES MAGISTRATE JUDGE