# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYSON SERVICE, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>CRIMSON RESOURCE MANAGEMENT CORP. et al.,<br><br>            Defendants. | Case No.  1:14-cv-01125-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>(ECF No. 59, 60, 64) |

Currently pending before the Court is Defendants' third motion to dismiss this action for lack of jurisdiction and Defendants' motion for a protective order. (ECF Nos. 51, 60.)

**I.**

**RELEVANT BACKGROUND**

After Defendants filed this third motion to dismiss, the Court conducted an informal discovery conference addressing Plaintiff's request to conduct depositions in this action. On August 6, 2015, the Court denied Plaintiff's request, but ordered Defendant to produce an unredacted copy of Exhibit 51-1 filed with the motion to dismiss. On August 13, 2015, Plaintiff filed a declaration of counsel regarding the instant discovery dispute. On August 14, 2015, Defendants filed a motion for a protective order and clarification of the discovery order. Plaintiff filed an opposition to the motion on August 18, 2015. The parties have been unable to agree on

1

an attorney eyes only protective order and therefore, the documents subject to the August 6, 2015 order have not been produced.

## II.

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

The parties have been unable to agree to a protective order in this action, and Defendant moves for the Court to enter a protective order for the exhibit which the Court ordered produced in its August 6, 2015 order. In the interest of judicial economy, the Court shall address the motion for a protective order and continue decision on the motion to dismiss to allow Plaintiff an opportunity to conduct some limited discovery and file a supplemental opposition to the motion addressing the issue of jurisdiction.

The first issue before the Court in Defendants' motion to dismiss is whether Cal Royalty is a citizen of California. As relevant here, a limited liability company and a partnership are a citizen of every state of which its owners or members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The citizenship of an individual is determined by their state of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. Id.

In this instance, Defendant has filed two prior motions to dismiss, and in the current motion dismiss has raised lack of diversity for the first time. Defendant asserts that it was aware that diversity was lacking some months after the action was filed. (ECF No. 51 at 8.) While a party may raise lack of jurisdiction at any time, the Court considered that it is only after this action has been proceeding in this Court for over one year that Defendant raised lack of diversity as a basis to dismiss this action. For this reason, in deciding the prior discovery dispute the Court exercised its discretion to order Defendants to produce an unredacted copy of the exhibits attached to the motion to dismiss.

The Court ordered the production of the exhibit at issue here solely for the issue of determining if diversity jurisdiction exists in this action. The Court determined that allowing Plaintiff to have access to this information is consistent with the direction that the Rules of Civil

Procedure are to be "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In balancing Plaintiff's interest in obtaining discovery and the privacy concerns raised by Defendant, the Court considered that Plaintiff asserted that it was willing to enter into an attorney eyes only protective order. (ECF No. 51 at 16.) The entry of such a protective order would address Defendants' privacy concerns since the individual's participation in the limited liability company is based solely on his financial investment in the company. However, Defendant contends that after the order was filed, the parties have been unable to agree to an attorney eyes only protective order.[1]

In the declaration of counsel filed August 13, 2015, Plaintiff asserted that the order did not require an attorney eyes only protective order and takes the position that they are entitled to conduct discovery to verify the citizenship of the member of the limited liability company. (ECF No. 59 at ¶ 7.) However, in this circuit district courts require a party to make a colorable showing that jurisdictional exists before granting jurisdictional discovery. See Chapman v. Krutonog, 256 F.R.D. 645, 649 (D. Hi. 2009); Mitan v. Feeney, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007); Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672-73 (S.D. Cal. 2001). Plaintiff is not entitled to even limited discovery to conduct a fishing expedition, Johnson v. Mitchell, No. CIV S-10-1968 GEB, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012), and Plaintiff has not provided any reasonable basis upon which to base an allegation that Defendant Cal Royalty's citizenship is other than California.[2]

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

---

[1] The Court finds no merit to Plaintiff's arguments that the motion for a protective order is a motion for reconsideration of the prior order or that Defendants' motion was untimely. Therefore, the Court rejects these arguments without further discussion.

[2] Plaintiff is advised of its obligations under Rule 11 of the Federal Rules of Civil Procedure. "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). In considering whether a complaint violates Rule 11 the Court considers, "Would a reasonable attorney have believed plaintiff's complaint to be well-founded in fact based on what a reasonable attorney would have known at the time?" Willis v. City of Oakland, 231 F.R.D. 597, 598 (N.D. Cal. 2005).

1  "The Ninth Circuit recognizes that district courts have great flexibility to protect documents that
2  contain confidential or commercially sensitive information." Cabell v. Zorro Prods., Inc., 294
3  F.R.D. 604, 610 (W.D. Wash. 2013). It is within the broad discretion of the district court to
4  determine the appropriate degree of protection provided by the protective order. Id. It is the
5  moving party who bears the burden of demonstrating that "good cause" exists for a protective
6  order to shield a party from "annoyance, embarrassment, oppression, or undue burden or
7  expense." Id. (quoting Fed. R. Civ. P. 26(c)(1)).

8  Defendant seeks to prevent Plaintiff from using the information contained in the ordered
9  discovery for any purpose other than to examine diversity and to prohibit Plaintiff from
10 contacting Cal Royalty's members once their identity is disclosed. (ECF No. 60 at 1.)
11 Defendants seek to protect the interests of Cal Royalty's members and investors who could be
12 subject to unnecessary harassment and annoyance due to the disclosure of their identity and
13 financial information. (Id. at 4.) Defendant contends that the individuals to be identified by this
14 document are not involved in Cal Royalty other than as an investor and disclosure of this
15 information is entitled to protection.

16 Plaintiff contends that jurisdictional discovery in this action is appropriate because the
17 citizenship of the members of the LLC is contested. However, the Court also notes that Plaintiff
18 has proffered no basis by which to assert that the domicile of the individual member of the
19 limited liability company is other than California as asserted by Defendants. Plaintiff argues that
20 the allegations in the complaint must be accepted as true, however, in this instance Defendants
21 are bringing a factual challenge to the complaint. Safe Air for Everyone v. Meyer, 373 F.3d
22 1035, 1039 (9th Cir. 2004) ("in a factual attack, the challenger disputes the truth of the
23 allegations that, by themselves, would otherwise invoke federal jurisdiction"). Therefore, the
24 Court can review evidence outside the pleadings and need not presume the truth of the
25 allegations in the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

26 Even if accepted as true, Plaintiff's allegation that an agent of Defendants testified during
27 the state court action that the two companies are the same for the purposes of determining who
28 had superior title to the leasehold is not a reasonable basis to believe that the citizenship of the

1 members of Cal Royalty is Colorado. If, as Plaintiff argues in opposition to the motion to
2 dismiss, this individual testified that the members of Cal Royalty and Crimson are the same and
3 are all citizens of Colorado, Plaintiff needs to identify where in the Court's docket this testimony
4 can be found. Further, Defendants have presented evidence that a member of Cal Royalty
5 resides in California. While this is not sufficient to determine citizenship, Plaintiff has not
6 provided any basis to contradict the assertion that this individual is a citizen of California.

7 In California, the right to privacy derives primarily from the California Constitution's
8 declaration that individuals have an inalienable right to privacy. Art. I § 1. "The concept of
9 privacy is extended to financial privacy in litigation, but the privilege is subject to balancing the
10 needs of the litigation with the sensitivity of the information/records sought." Davis v. Leal, 43
11 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999). Even in circumstances that balance in favor of
12 disclosure of private information, "the scope of disclosure will be narrowly circumscribed; such
13 an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to
14 the extent necessary for a fair resolution of the lawsuit." Id. at 1110-11 (citing Moskowitz v.
15 Superior Court, 137 Cal.App.3d 313, 316 (1982)). Information that implicates private financial
16 information is the type that has been declared to be presumptively privileged. Davis, 43
17 F.Supp.2d at 1111. The Court finds that Defendants have shown good cause to issue a protective
18 order in this action.

19 In deciding the scope of the protective order, the Court considers the limited purpose for
20 which the Court has ordered the discovery be produced. The issues before the Court on the
21 current motion to dismiss are whether diversity jurisdiction exists and, if it does not, if Cal
22 Royalty is an indispensable party. The information at issue here bears upon whether there is
23 diversity of citizenship. However, as discussed prior, Plaintiff has not set forth any reasonable
24 basis to believe that Cal Royalty's citizenship is other than the State of California. While the
25 Court has determined that Plaintiff shall be provided with an unredacted copy of the documents
26 submitted in support of the motion to dismiss, Plaintiff is not entitled to conduct discovery in the
27 blind hope of finding that the member of the limited liability is not a resident of California.
28 However, this action has been proceeding in this Court for over a year, a significant amount of

the Court's time has been devoted to this action, this is the third motion to dismiss brought by Defendants in this action, and Defendants evidence is insufficient for the Court to determine the citizenship of the limited liability company.

In determining the protection to be provided, the Court considers the manner in which a limited amount of discovery regarding the citizenship of Cal Royalty can be conducted without intruding upon the privacy rights of the individual over whom it appears the Court may not have jurisdiction. Accordingly, Defendant shall be ordered to produce the unredacted copy of Exhibit 51-1. Plaintiff is not entitled to conduct jurisdictional discovery without a showing that there is a reasonable basis to believe that this individual is a citizen of a state other than California. However, given the circumstances that exist here, the Court shall allow Plaintiff to propound ten (10) interrogatories on Defendant Cal Royalty which solely address the citizenship of the currently unidentified member of the limited liability company. No other discovery or use of the information is permitted without Plaintiff making a colorable showing that diversity jurisdictional exists in this instance.

## III.

## PROTECTIVE ORDER

The Court finds good cause to issue a protective order. Accordingly, the following protective order shall be entered in this action, subject to the conditions of use described above. This protective order covers the unredacted copy of Exhibit 51-1 and any discovery obtained due to the production of the document.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order concerning Cal Royalty, LLC's Operating Agreement "Operating Agreement". The Court finds the Operating Agreement includes confidential information subject to the right to privacy and is entitled to the protection of the information contained therein related to the identity of the non-managing member of Cal Royalty, LLC and to assure that the privacy rights of the member is not subject to public disclosure. The Court hereby orders as follows:

1. Cal Royalty, LLC (Disclosing Party) shall produce to Plaintiff's attorney of record (Receiving Party) a full and complete copy of the Operating Agreement with no

1  redactions (Unredacted Operating Agreement) and shall designate or mark the document and all
2  copies delivered to the parties to this litigation with the words "Confidential/Attorney's Eyes
3  Only."

4    a.  Any copy of the Unredacted Operating Agreement shall not be copied or
5  distributed to persons not authorized pursuant to this Protective Order.

6    b.  The Receiving Party of the Unredacted Operating Agreement shall keep all
7  information concerning the identity of the non-managing member confidential and shall not
8  share the information with Plaintiff.  The Receiving Party shall treat the information as not
9  subject to public disclosure and subject to the provisions of use and disclosure set forth in section
10 3 and the terms of this Protective Order:

11   c.  The Operating Agreement that is the subject of this protective order has been filed
12 with the court by Defendants at ECF No. 51-1 and the redacted version of the Operating
13 Agreement is not subject to this Protective Order.

14   2.  Information contained in the Unredacted Operating Agreement, but not contained
15 in the Redacted Operating Agreement, and any discovery received due to production of the
16 document, will hereinafter be referred to as "Confidential Information."

17   3.  Confidential Information shall be designated as highly confidential and sensitive
18 information during the course of this litigation, and

19     a.  shall only be used by the parties to this litigation, and their counsel, and

20     b.  shall not be published to the general public in any form by any party to this
21 litigation, their counsel, nor used by any party to this litigation, or their counsel; and

22     c.  may be disclosed by counsel to the parties to this litigation **only to the following**
23 **persons** insofar as it is reasonably necessary to the prosecution or defense of this litigation:

24       (1)  attorneys of record for the parties to this litigation, including any attorneys
25 employed by a law firm of record that represents a party; and

26       (2)  secretarial, clerical and paralegal or student personnel employed full-time or part-
27 time by attorneys or a law firm that represents a party.

28       In the event that the Receiving Party desires that Confidential Information be disclosed,

communicated, discussed, or made available to any person not otherwise authorized by this Stipulated Protective Order, the Receiving Party must submit to counsel for Disclosing Party a written notice specifically identifying the information to be disclosed, and the name, title, and business relationship of the persons to whom counsel wishes to make such disclosure. Counsel for Disclosing Party shall have ten (10) business days from the date of receipt of the notification to object to the disclosure to any person identified therein. If counsel for Disclosing Party does not respond in writing to the written notice of disclosure within ten (10) business days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Protective Order, shall be entitled to receive the information specified in the notice. If any counsel for Disclosing Party responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the Receiving Party may file a motion with the Court, served on counsel for all other parties, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

4. A copy of this Protective Order, shall be delivered to each person to whom disclosure of Confidential Information will be made. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made. The person receiving said Confidential Information shall sign an acknowledgement and agreement to be bound asserting:

> I, [full name], of [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order for the <u>Grayson Services, Inc. v. Crimson Resource Management</u> proceedings. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.
> I further agree to submit to the jurisdiction of the Federal Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.
> I hereby appoint [full name] of [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

This Acknowledgement shall be signed and dated, and Counsel for the party disclosing the information to an authorized person(s) under this Protective Order shall obtain and retain a

signed copy of Acknowledgment before any such person receives any Confidential Information.

5. The inadvertent production of Confidential Information by either party or by a third party to any party shall not itself be deemed to waive any claim of confidentiality that might exist with respect to such Confidential Information.

6. In the event any Confidential Information pursuant to this Order is the subject a subpoena or order requiring its disclosure, the recipient of the subpoena or order will provide immediate notice to the disclosing party through its counsel. The recipient of the subpoena or order shall not object to the Disclosing Party's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or order will not respond to any such subpoena or order until the Disclosing Party has a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion for a protective order.

7. Any documents and other information designated as Confidential Information pursuant hereto must be filed under seal and the party filing such documents must comply with the requirements of Local Rule 141 of the Eastern District of California.

8. The Unredacted Operating Agreement and any discovery obtained due to the disclosure of the material, and all copies thereof, shall be either destroyed or returned to the Disclosing Party or its counsel, per the Disclosing Party's instructions within, twenty (20) days of the conclusion of this litigation including any appeals. Counsel for the Receiving Party shall certify in writing to counsel for the Disclosing Party that said materials have been destroyed or returned per the Disclosing Party's instructions, or otherwise disposed of as ordered by the Court, within twenty (20) days of the conclusion of this litigation including any appeals.

9. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Disclosing Party agrees otherwise in writing or a court order otherwise directs.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order is GRANTED;

2. The protective order herein shall apply to the exhibit produced pursuant to this order and any discovery obtained due to the production of the document;

3. Within twenty-four (24) hours from the date of service of this order, Defendants shall produce an unredacted copy of Exhibit 51-1;

4. Within five (5) days of the date of service of the unredacted copy of the Operating Agreement, Plaintiff shall serve up to ten (10) interrogatories directly solely to the citizenship of the individual identified in the document;

5. Within twenty (20) days of the date of service of the interrogatories, Defendant Cal Royalty shall serve responses to the interrogatories;

6. Within ten (10) days of the date of service of the interrogatory responses, Plaintiff shall file a supplemental opposition to Defendants' motion to dismiss addressing solely the issue of jurisdiction;

7. Within five (5) days of the date of service of Plaintiff's supplemental opposition, Defendants may file a supplemental reply;

8. Defendants' motion to dismiss shall be considered submitted when the reply period has passed; and

9. Violation of the discovery order or protective order herein will subject the offending party to contempt proceedings.

IT IS SO ORDERED.

Dated:   **August 20, 2015**

UNITED STATES MAGISTRATE JUDGE