1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYSON SERVICE, INC., | Case No.  1:14-cv-01125-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DISMISSING DEFENDANT CAL ROYALTY FROM THIS ACTION AND CONTINUING SCHEDULING CONFERENCE |
| v. | |
| CRIMSON RESOURCE MANAGEMENT CORP. et al., | |
| Defendants. | (ECF Nos. 51, 57, 58, 59, 62, 67, 68) |
| | FOURTEEN DAY DEADLINE |

Currently before the Court is Defendants' motion to dismiss filed July 16, 2015.

## I.

## RELEVANT BACKGROUND

Plaintiff brings this action based upon diversity jurisdiction.  Following several motions to dismiss and a motion for new trial, this action is proceeding on the second amended complaint on claims that Defendants Cal Royalty and Crimson 1) breached the covenant of quiet enjoyment and 2) for breach of contract with respect to Kern Water Bank Authority's interference with Plaintiff's water rights on the property outside the 23 acre parcel that is the subject of this dispute.  (ECF No. 29.)

On July 16, 2015, Defendants filed a motion to dismiss on the grounds of lack of diversity jurisdiction and that the non-diverse party is an indispensable party to this action.  (ECF No. 51.)  On August 6, 2015, the Court conducted an informal discovery dispute conference. Thereafter, an order issued requiring Defendant to provide an unredacted copy of Exhibit 51-1

1    attached to the motion to dismiss.  (ECF No. 54.)  Plaintiff filed an opposition to the motion to

2    dismiss on August 10, 2015 and a supplement on August 13, 2015.  (ECF No. 57, 59.[1])

3         Defendants filed a motion for a protective order on August 14, 2015.  (ECF No. 60.)  On

4    August 20, 2015, the Court granted Defendants' motion for a protective order.  (ECF No. 66.)  In

5    granting Defendants' motion for a protective order, the Court provided Plaintiff with the

6    opportunity to conduct some limited discovery on the issue of jurisdiction and the parties were

7    provided with an opportunity to file supplemental briefing on the issue of diversity jurisdiction.

8    (Id.)

9         Thereafter, Plaintiff served interrogatories on Defendant Cal Royalty, and responses were

10   served on September 11, 2015.  (ECF No. 67-1.)  On September 21, 2015, Plaintiff filed a

11   supplemental opposition.   (ECF No. 67.)   On September 24, 2015, Defendant filed a

12   supplemental response.  (ECF No. 68.)

13                                         **II.**

14                              **MOTION TO DISMISS**

15   **A.    Legal Standard for Motion to Dismiss**

16        Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to file a motion to

17   dismiss based upon lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "Unlike a Rule

18   12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional

19   allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence

20   properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

21        Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of

22   subject matter jurisdiction.  A jurisdictional attack under Rule 12(b)(1) may be facial or factual.

23   Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack challenger

24   the allegations in the complaint, asserting they are insufficient to invoke federal jurisdiction.

25   Safe Air for Everyone, 373 F.3d at 1039.  A factual attack challenges truth of the allegations that

26   would otherwise invoke federal jurisdiction.  Id.

27   _____

28   [1] Plaintiff filed an amended supplement which shall be considered in resolving this motion and the supplement filed
     August 13, 2015 is disregarded.

Joinder of parties in this action is a procedural issue governed by the Federal Rules of Civil Procedure.  <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102 125 (1968).  Under Rule 12(b)(7) dismissal may be sought for the failure to join a party under Rule 19.  Whether a party is necessary is governed by Federal Rule of Civil Procedure 19, which provides that a party who will not deprive the court of subject-matter jurisdiction must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In deciding if a party is indispensable under Rule 19, the court first must consider whether the party is necessary and then determine whether the party is indispensable so that the suit must be dismissed.  <u>Makah Indian Tribe v. Verity</u>, 910 F.2d 555, 558 (9th Cir. 1990).  The necessary and indispensable inquiry under Rule 19 is practical and fact specific and designed to avoid the harsh results of rigid application.  <u>Hendricks v. Bank of America, N.A.</u>, 408 F.3d 1127, 1136 (9th Cir. 2005).

### B.    Plaintiff Has Failed to Allege Facts to Establish Diversity Jurisdiction

Defendant moves to dismiss this action on the ground that Plaintiff and Defendant Cal Royalty are both citizens of California and, therefore, diversity of citizenship does not exist. Plaintiff argues that Defendants have not met their burden of showing that Cal Royalty is a citizen of California.  (ECF No. 57 at 6; ECF No. 67 at 2.[2])

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  <u>U.S v. Sumner</u>, 226 F.3d 1005, 1009 (9th Cir. 2000).  As relevant here, district courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  interest and costs." 28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the
2  presence "of a single plaintiff from the same State as a single defendant deprives the district
3  court of original diversity jurisdiction over the entire action."  <u>Abrego Abrego v. The Dow</u>
4  <u>Chemical Co.</u>, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

5      Initially, while Plaintiff argues that Defendants have not met their burden of establishing
6  that Cal Royalty is a citizen of California, the party asserting diversity jurisdiction bears the
7  burden of proof and the plaintiff's failure to specify the state citizenship of the parties is fatal to
8  the assertion of diversity jurisdiction.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th
9  Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction
10 should be able to allege affirmatively the actual citizenship of the relevant parties.").  It is
11 Plaintiff and not Defendants who bears the burden of pleading and proving that diversity
12 jurisdiction exists in this action.

13     In the second amended complaint, Plaintiff alleges that Cal Royalty is a California
14 Foreign Limited Liability Company whose nerve center of operations and principal place of
15 business is in Denver, Colorado.  (ECF No. 29 at ¶ 4.)  Teresa Kenny, in her designation of the
16 person most knowledgeable for Defendants, testified that Crimson and Cal Royalty are the same.
17 (<u>Id.</u>)

18     A limited liability company is a citizen of every state of which its owners or members are
19 citizens.  <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).
20 The Supreme Court has rejected the argument that the character of the ownership is relevant to
21 the citizenship of an artificial entity.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 192 (1990)
22 ("We have never held that an artificial entity, suing or being sued in its own name, can invoke
23 the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its
24 members."  The amount of control exercised over the entity plays no part in the decisions
25 regarding citizenship.)

26     Plaintiff contends that the allegations in the complaint are sufficient to allege diversity
27 jurisdiction.  However, the nerve center and principal place of business for a limited liability
28 company are irrelevant to the issue of its citizenship and Plaintiff's second amended complaint is

1   devoid of any mention of the citizenship of the owners of the LLC. A party asserting diversity

2   jurisdiction bears the burden of proof and the plaintiff's failure to specify the state citizenship of

3   the parties is fatal to the assertion of diversity jurisdiction. <u>Kanter</u>, 265 F.3d at 858. Since

4   Plaintiff has failed to identify the citizenship of the members of the LLC., Defendants' motion to

5   dismiss on this ground is granted.

6          **C.    Leave to Amend to Allege Diversity**

7          Plaintiff contends that it can correct the jurisdictional deficiency by filing an amended

8   complaint alleging that the members of Cal Royalty are citizens of Colorado. Rule 15 of the

9   Federal Rules of Civil procedure governs the amendment of complaints. Rule 15(a) is very

10   liberal and leave to amend "shall be freely given when justice so requires." <u>Amerisource Bergen</u>

11   <u>Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

12   However, courts "need not grant leave to amend where the amendment: (1) prejudices the

13   opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is

14   futile." <u>Id</u>. For the reasons stated below, the Court finds that amendment of the complaint would

15   be futile.

16          Plaintiff argues that Defendants have not produced evidence that Cal Royalty is not a

17   citizen of Colorado. In the motion to dismiss, Defendants produce the articles of organization

18   for Cal Royalty showing that it is managed by Cardinal Resource Management Corp. (ECF No.

19   51-1 at 2.) The operating agreement for Cal Royalty shows that the members are Cardinal

20   Resource Management Corporation and a California limited partnership. (ECF No. 51-1 at 3-5.)

21   The general partner of the limited partnership has an address in California. (ECF No. 51-1 at 5.)

22   A partnership is the citizen of every state of which its partners are citizens. <u>Johnson</u>, 437 F.3d at

23   899.[3]

---

24   [3] In support of the motion to dismiss, Defendants have included the declaration of Gary Buntmann, the President of
Cardinal Management Corp, which states that Cardinal Resource Management Corp. is the manager of Cal Royalty.

25   (ECF No. 51-2.) Mr. Buntmann declares that the only other member of Cal Royalty is a California limited
partnership whose general partner is an individual who lives in the state of California with his family. (Id. at ¶ 4.)

26   Mr. Buntmann states that he has known this individual for more than thirty years. (Id.) Mr. Buntmann states that
this individual has "fixed his primary residence in California for decades and has no known plan to move outside

27   California." (Id. at ¶ 6.) The individual's primary occupation is as principal of another company in California that
provides management consulting services, and has run that company for over two decades. (Id. at ¶ 7.) He has also

28   worked for and served on the board of several other California businesses. (Id.) He has a California driver's license

1  While Plaintiff submits a third amended complaint that states all members of Cal Royalty

2  are citizens of Colorado, Defendants argue that there is no reasonable basis of Plaintiff to make

3  such an assertion.  Defendants point out that Plaintiff has presented no evidence to demonstrate

4  that the member of the California partnership is not a citizen of California and that Plaintiff's

5  attempt to create diversity by making such an allegation is a flagrant violation of Rule 11 of the

6  Federal Rules of Civil Procedure.  (Reply 5, ECF No. 62.)

7  The Court provided Plaintiff with the opportunity to serve interrogatories upon Cal

8  Royalty inquiring into the citizenship of the member of the LLC who Defendants contend is a

9  California citizen.   Based upon the interrogatory responses, the partner of the California

10  partnership was domiciled in California on July 17, 2014;[4] had a California residence and

11  driver's license, filed taxes in California; and only held assets in California.  The interrogatory

12  responses demonstrate that it would be futile for Plaintiff to file an amended complaint alleging

13  diversity jurisdiction against Cal Royalty.

14  Plaintiff has no evidence upon which to assert a good faith belief that Cal Royalty is not a

15  citizen of California, much less that it is a citizen of Colorado.  Any pleading asserting such

16  would be subject to Rule 11 sanctions.  Accordingly, the Court finds that diversity jurisdiction

17  does not exist between Plaintiff and Defendant Cal Royalty and they may not be joined as a party

18  in this action.  Therefore, Defendant Cal Royalty shall be dismissed from this action and the

19  Court shall consider if Defendant Cal Royalty is an indispensable party in this action.

20  / / /

21

22  and owns at least one vehicle licensed in the state of California; owns real and personal property in the state; and pays taxes in the state of California.  (Id. at ¶¶ 8, 9.)  Plaintiff objects to the declaration of Gary Buntmann on the grounds that it is hearsay.

23

24  Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Hearsay is not admissible unless authorized by a federal statute, the Federal Rules of Evidence, "or other rules prescribed by

25  the Supreme Court."  Fed. R. Evid. 802.  The declaration of Mr. Buntmann is an out of court statement offered to prove the truth of the matter asserted and is therefore hearsay.  Plaintiff's objection to the declaration on that ground

26  is sustained.

27  [4] It is the domicile of the defendant on the date the action is filed that is relevant to determine whether diversity jurisdiction exists.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) ("for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to

28  the facts as they existed at the time of filing").

### D.  Indispensable Party

Defendants move to dismiss this action on the ground that Cal Royalty is an indispensable party as Defendant Crimson conveyed all interests in the Ohio lease to Cal Royalty in 1995.  (ECF No. 51 at 7.)  Plaintiff counters that Cal Royalty is merely a holding company for Defendant Crimson and Crimson remained the lessor under the Ohio lease.[5]  (ECF No. 57 at 14-16.)  Since Cal Royalty cannot be joined in this action without destroying diversity and depriving this Court of jurisdiction, the Court next considers if Cal Royalty is an indispensable party.

Determining whether a party is indispensable involves a three step inquiry: 1) Is the absent party necessary? 2) If the party is necessary, is it feasible to order the absent party to be joined in the action? and 3) If joinder is not feasible, can the action proceed without the absent party, or is the party indispensable requiring the action to be dismissed.  Salt River Project Agr. Imp. and Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012).  Therefore, the Court shall address the three step inquiry.

#### 1.  Cal Royalty Is a Necessary Party in this Action

First, the Court shall consider whether Cal Royalty is a necessary party in this action.  While Plaintiff alleges in the second amended complaint that Cal Royalty manages the Ohio Lease on behalf of Defendant Crimson (ECF No. 29 at ¶ 4), and that a portion of the minerals were transferred from Crimson to Cal Royalty (id. at ¶ 24); these allegations are contradicted by the Mineral Deed, Assignment and Conveyance which is attached to the amended complaint.[6] (ECF No. 29-6.)  The Court is not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  Daniels-Hall v.

---

[5] Plaintiff also contends that the Court should deny the motion on the ground that Defendants failed to timely raise the issue.  However, the Court declines to decide the issue on this ground.  If Cal Royalty is an indispensable party then adjudicating this action without their presence would implicate due process concerns.

[6] As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  However, the incorporation by reference doctrine allows material that is attached to the complaint to be considered, as well as "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document."  Corinthian Colleges, 655 F3d at 999.  The Mineral Deed, Assignment and Conveyance is attached to the second amended complaint and the court shall consider this document under the incorporation by reference doctrine.

1    National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

2         In determining if the party is necessary, the court must decide if complete relief is

3    possible among those already party to the suit, or alternately, whether the absent party has a

4    legally protected interest in the suit that will be impaired or impeded by its absence or expose the

5    parties to a risk of multiple or inconsistent obligations by reason of that interest.  Makah Indian

6    Tribe, 910 F.2d at 558; Dawavendewa v. Salt River Project Agr. Imp. And Power Dist., 276 F.3d

7    1150, 1155 (9th Cir. 2002).  If the party satisfies either of these alternative tests it is considered a

8    necessary party in this action.  Dawavendewa, 276 F.3d at 1055.

9         As of January 1, 1995, Defendant Crimson conveyed to Cal Royalty "the oil and gas

10   mineral fee estates[;]" "the surface rights in and to the Land that the owner of a mineral estate is

11   entitled to by virtue of ownership of the estate;" "the oil and gas leases, . . .the leasehold estates

12   created by the Leases, the rights and interests attributable or allocable to the Leases by virtue of

13   the Leases;" "all unitization, communitization, pooling, and operating agreements, and the units

14   created thereby which relate to the Leases or Land or interests[;]" and "all oil, natural gas,

15   natural gas liquids or condensate inventory, . . . or the proceeds thereof" under the Ohio Lease.

16   (Id. at 1.1.)  The Mineral Deed, Assignment and Conveyance transferred all interest in the Ohio

17   Lease to Cal Royalty.

18        Cal Royalty claims a legally protected interest in the suit based upon the transfer of the

19   Ohio Lease from Defendant Crimson to Cal Royalty.  In this action, Plaintiff is seeking a

20   judgment against the lessor for breaching the lease.  (ECF No. 29 at 17-18.)  Cal Royalty, as the

21   lessor, has a legally protected interest in the lease.  Defendants argue that a party to a contract is

22   indispensable to determine whether there has been a breach of contract.  The Ninth Circuit has

23   recognized the fundamental principle that "a party to a contract is necessary, and if not

24   susceptible to joinder, indispensable to litigation seeking to decimate that contract."

25   Dawavendewa, 276 F.3d at 1157; see also Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th

26   Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in

27   an action to set aside a lease or a contract, all parties who may be affected by the determination

28   of the action are indispensable.").  Here, Plaintiff is not seeking to "decimate" the contract, but

have a finding that the contract was breached and to receive damages.  (ECF No. 29 at p.p. 17-18.)

While courts recognize that there are situations in which a breach of contract action could proceed without all parties to the contract, in this instance, Cal Royalty's legally protected interest in the lease would be impaired by a decision in Plaintiff's favor.  Although Plaintiff alleges that Cal Royalty is an agent or alter ego of Defendant Crimson, the agreement between Cal Royalty and Crimson transfers all interest in the Ohio Lease to Cal Royalty.  Based on the evidence before the Court, there are two parties to the contract at issue here: Plaintiff, the lessee, and Cal Royalty, the lessor.  Adjudicating whether there has been a breach of the lease implicates Cal Royalty's legally protected interest.

Additionally, proceeding in this action without Cal Royalty's presence in this action could subject it to inconsistent judgments.  There is nothing to prevent Cal Royalty from instituting a separate action seeking a declaration that the lease was not breached.  This could result in exposing Cal Royalty to inconsistent obligations if the two courts came to different decisions on whether the same alleged conduct breached the contract.

In this instance, Cal Royalty is a necessary party to litigate whether there has been a breach of the contract.  If Cal Royalty is the only other party to the contract, it has a right to defend in the action to protect its rights under the contract.  Accordingly, the Court finds that Cal Royalty is a necessary party to this action.

2.    It is Not Feasible for Cal Royalty to be Joined in this Action

As discussed above, based on the citizenship of Cal Royalty, it cannot be joined in this action without destroying subject matter jurisdiction.

3.    Can the Action Proceed Without Cal Royalty's Presence

In determining whether Cal Royalty is an indispensable party, there are four factors that a court must consider: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate;

1   fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for

2   nonjoinder. Fed. R. Civ. P. 19(b). "For the purpose of clarity, the Supreme Court characterized

3   these factors as inquiring into: (1) the plaintiff's opportunity to proceed in an alternate forum; (2)

4   the defendant's interest in avoiding inconsistent relief, multiple litigation; (3) the interests of the

5   public and the courts in consistent, complete, and efficient settlement of cases, and (4) prejudice

6   to the absent party." Expeditors Int'l of Washington, Inc. v. Expeditors (Japan), Ltd., 224 F.R.D.

7   661, 665-66 (W.D. Wash. 2004) (citations omitted).  "[T]he most relevant factors proposed by

8   Rule 19(b) are whether a judgment rendered in the person's absence will be adequate and

9   whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

10   Anrig v. Ringsby United, 603 F.2d 1319, 1326 (9th Cir. 1978).

11          **a.      Possibility of Shaping Relief**

12          Plaintiff is seeking a finding that the lease has been breached and the lessor is required to

13   pay the costs of defending the underlying state court action based upon a breach of the lease.

14   There is no way for the Court to shape relief in this action to avoid prejudice to Cal Royalty as it

15   is the sole lessor under the Mineral Deed, Assignment and Conveyance from Defendant

16   Crimson.  Since Cal Royalty is the lessor under the contract, the Court cannot shape the relief

17   requested, requiring the lessor to pay to defend the underlying state action, to lessen or avoid the

18   prejudice to Cal Royalty.

19          **b.      An Adequate Remedy Exists**

20          Whether an adequate remedy exists if this action is dismissed for nonjoinder weighs in

21   favor of finding Cal Royalty an indispensable party.  Plaintiff is a bringing a state court claim

22   and the breach of contract suit can be litigated in state court.  Plaintiff has an adequate remedy if

23   this action is dismissed due to the inability to join an indispensable party.

24          **c.      An Adequate Remedy is Not Possible without Cal Royalty's Presence**

25          Plaintiff seeks a finding that the lease in this instance was breached and the lessor is

26   required to pay the costs of defending the underlying state court action.  Since Cal Royalty is the

27   lessor under the contract, they are entitled to defend this action to protect their rights under the

28   lease.  Further, Cal Royalty will not be bound by any judgment entered in this action if they are

1   dismissed and do not have the opportunity to defend their rights under the contract.  Proceeding

2   with this action without the presence of Cal Royalty will preclude this Court from being able to

3   afford complete relief in this action and would be prejudicial to Cal Royalty.  Accordingly, the

4   Court finds that the factors weigh in favor of finding that Cal Royalty is an indispensable party to

5   the breach of contract claim.

6           **d.      Alter Ego Liability**

7           To overcome this, Plaintiff argues in opposition to Defendants' motion to dismiss that

8   Cal Royalty and Crimson are alter egos.  Defendants assert that Cal Royalty and Defendant

9   Crimson are separate legal entities and neither company owns any portion of the other.

10          A district court applies state law to evaluate alter ego claims.  Hambleton Bros. Lumber

11  Co. v. Balkin enterprises, Inc., 397 F.3d 1217, 1227 (9th Cir. 2005).  Generally only the parties

12  to a contract may be liable for a breach of the contract.  Wady v. Provident Life and Accident

13  Ins. Co. of America, 216 F.Supp.2d 1060, 1065 (C.D. Cal. 2002).  However, a corporate entity

14  can be held liable on an alter ego theory.

15          "To satisfy the alter ego exception to the general rule that a subsidiary and the parent are

16  separate entities, the plaintiff must make out a prima facie case '(1) that there is such unity of

17  interest and ownership that the separate personalities [of the two entities] no longer exist and (2)

18  that failure to disregard [their separate identities] would result in fraud or injustice.' "  Harris

19  Rutsky Co. Ins. Services, Inc., 328 F.3d at 1134-35 (citations omitted).  This requires the

20  plaintiff to show that the control that the parent exercises over the subsidiary renders the

21  subsidiary the mere instrumentality of the parent.  Id. at 1135.  "Where the alter ego doctrine

22  applies, . . . the two corporations are treated as one for purposes of determining liability."  M/V

23  Am. Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1490 (9th Cir. 1983).  "The effect

24  of applying the alter ego doctrine . . . is that the corporation and the person who dominates it are

25  treated as one person, so that any act committed by one is attributed to both, and if either is

26  bound, by contract, judgment, or otherwise, both are equally bound."  Dudley v. Smith, 504 F.2d

27  979, 982 (5th Cir. 1974) (citation omitted).  The alter ego doctrine applies to limited liability

28  companies.  Walsh v. Kindred Healthcare, 798 F.Supp.2d 1073, 1082.

1      Under California law, two conditions must be met to invoke the alto ego doctrine: 1)
2  there must be such a unity of interest and ownership that the separate personalities of the entities
3  do not really exist; and 2) there must be an inequitable result if the alleged acts are treated as
4  those of the entity alone.  Walsh, 798 F.Supp.2d at 1082.  In the second amended complaint,
5  Plaintiff alleges that Defendant Crimson and Cal Royalty have the same principal place of
6  business and nerve center.  (ECF No. 29 at ¶¶ 3, 4.)  Cal Royalty is an affiliate of Defendant
7  Crimson and was established by Defendant Crimson to manage and control certain assets that
8  Defendant Crimson owns.  (Id. at ¶ 4.)  At the state court trial, Teresa Kenney testified as the
9  person most knowledgeable on behalf of Defendant Crimson and Cal Royalty that they are "the
10 same."  (Id.)  Defendant Crimson delegated in full or in part the duty to manage the Ohio lease as
11 it pertains to Plaintiff's rights under the lease.  (Id. at ¶ 26.)  Both companies share identical
12 management.  (Id.)

13     The allegations that Crimson and Cal Royalty have the same principal place of business
14 and management and there was testimony at the state court trial that the entities are the same are
15 insufficient to allege that a unity of interest and ownership is present such that the separate
16 personalities of the entities do not really exist.  Further, the second amended complaint is devoid
17 of any allegations that inequity would result if the acts alleged in the complaint are treated as
18 those of Cal Royalty alone.  Plaintiff's conclusory allegations in the second amended complaint
19 are insufficient to state a plausible claim for an alter ego theory of liability.  Walsh, 798
20 F.Supp.2d at 1082.

21     Defendants have provided no reason for the Court to find that it would be futile to allow
22 Plaintiff an opportunity to amend the complaint to allege alter ego liability on the part of
23 Defendant Crimson.  Since Rule 15 is to be liberally applied, Amerisource Bergen Corp., 465
24 F.3d at 951, the Court shall provide Plaintiff with one final opportunity to file an amended
25 complaint in this action to allege a claim against Defendant Crimson.  Plaintiff is advised that if
26 the amended complaint fails to allege sufficient factual allegations to state a claim for alter ego
27 liability this action will be dismissed without leave to amend.

28 / / /

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motion to dismiss Defendant Cal Royalty, LLC pursuant to Fed. R. Civ. P. 12(b)(1) and to dismiss the second amended complaint for failure to join an indispensable party is GRANTED IN PART as follows:

    a.    Defendant Cal Royalty is DISMISSED from this action;

    b.    Plaintiff's second amended complaint is DISMISSED with leave to amend the claims against Defendant Crimson;

    c.    Plaintiff shall file a third amended complaint within fourteen (14) days from the date of service of this order;

2.    The scheduling conference set for November 17, 2015 is CONTINUED to January 5, 2016 at 9:45 a.m. in Courtroom 9; and

3.    Failure to file a third amended complaint in compliance with this order will result in this action being dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 28, 2015**

UNITED STATES MAGISTRATE JUDGE