# *EXHIBIT "4"*

Recording
TICOR TITLE INSURANCE
Order No.

BOOK **6183** PAGE **1272**

058865

Accommodation Only

Mail Tax Notices,
until a change is requested,
to Grantee at:

TOC-Pacific Coast Inc.
P. O. Box 147
Bakersfield, California   93302

Return Recorded Original
to Grantee at:

TOC-Pacific Coast Inc.
P. O. Box 147
Bakersfield, California   93302

TRANSFER
TAX
PAID

## ASSIGNMENT AND CONVEYANCE
### (Tenneco Oil Company to TOC-Pacific Coast Inc.)

   This ASSIGNMENT AND CONVEYANCE ("Assignment") dated as
of June 30, 1988 but effective as of the Effective Time (as
hereinafter defined) is from Tenneco Oil Company, a Delaware
corporation ("Grantor"), whose mailing address is 1010 Milam
Street, Houston, Texas   77002, to TOC-Pacific Coast Inc., a
Delaware corporation ("Grantee"), whose mailing address is P.
O. Box 147, Bakersfield, California   93302.

   This Assignment shall be effective for all purposes as
of twelve o'clock midnight local time, as such time is
determined in each jurisdiction in which the applicable
Subject Property (as hereinafter defined) is located, on June
30, 1988; provided, however, that with respect to any of the
Subject Properties acquired by Grantor after June 30, 1988
and on or before November 11, 1988, this Assignment shall be
effective as of the acquisition thereof by Grantor (the
applicable effective time for a particular Subject Property
being referred to herein as the "Effective Time" for such
Subject Property).

   For Ten Dollars ($10.00), and other good, valuable and
sufficient consideration received by Grantor, the receipt and
sufficiency of which are hereby acknowledged, Grantor has
granted, conveyed, assigned and delivered, and by these
presents does hereby grant, convey, assign and deliver unto

Documentary Transfer Tax $ **0.55**

State of California
County of Kern

BCOK 6183 PAGE 1273

Grantee all of Grantor's rights, titles and interests in and to the following (such rights, titles and interests, subject to the exceptions, reservations, terms and conditions herein contained, being hereinafter referred to individually as a "Subject Property" and collectively as the "Subject Properties"):

    (a)   All fee interests; oil, gas and/or mineral interests; fee and other royalty interests; oil, gas and/or mineral leases and leasehold interests; overriding royalty, net profits, and production payment interests; any other rights to produce and/or receive the proceeds of production; and all other rights, titles and interests; in each case Insofar And Only Insofar as the same cover and include oil, gas and other liquid and gaseous hydrocarbons, and in addition thereto carbon dioxide, hydrogen, helium, nitrogen, methane, sulfur (in each case in either liquid or gaseous form) and any other liquid or gaseous substances, inert or otherwise, or any of them, and any minerals or other substances produced in association therewith ("Hydrocarbons") in, on or under the properties:

        (i)   described on Exhibit A or Exhibit B hereto; or

        (ii)  owned by Grantor and which are located in or offshore of the States of Alaska, California, Oregon and Washington, including, without limitation, the jurisdictions described in Exhibit C hereto;

    (such rights, titles, interests and properties described in the foregoing part of this subsection (a) being hereinafter referred to individually as a "Subject Interest" and collectively as the "Subject Interests"); together with: (1) any rights in and to, or derived under, the Subject Interests or the lands pooled, communitized or unitized

therewith to the extent same relate to the Hydrocarbons; (2) the exclusive right to prospect for, drill for, produce, extract and remove, inject into, dispose of, store under and thereafter withdraw and remove Hydrocarbons from and through the lands to which the Subject Interests relate, or lands pooled, communitized or unitized therewith, (which lands shall be referred to herein as the "Real Property"); (3) all reversionary rights relating to Hydrocarbons in, on or under the Real Property; (4) the right to construct, maintain, operate, repair, replace and remove gathering lines and related improvements for the purpose of transporting Hydrocarbons or similar substances to, from and across the Real Property, whether produced from the Real Property, produced from lands pooled, unitized or communitized with the Real Property or produced from lands in the same geographic area as the Real Property; (5) the right to produce, extract and remove, inject into, dispose of, store under and thereafter withdraw from and through the Real Property any oil, gas, minerals and other substances that may be pooled, unitized or communitized with any of said Hydrocarbons; and (6) the exclusive right to drill and operate whatever wells, construct, install, operate, maintain, replace and remove whatever other facilities and do whatever else may be reasonably necessary on and in the Real Property for the full enjoyment of the rights herein granted, including the right of ingress to and egress from the Real Property for such purposes;

(b)   All land and/or interests in land leased or owned by Grantor and located in the States of Alaska, California, Oregon and Washington, including, without limitation, all of Grantor's right, title and interest (whether or not relating to Hydrocarbons) in the properties described on Exhibit A or Exhibit B for which the number appearing under the

BOOK 6183 PAGE 1275

column entitled "Property Number" begins with the digits "074" or "077";

(c)   All unitization, communitization and pooling agreements and orders covering or relating to the Subject Interests or any portion thereof and the units and pooled and communitized areas created thereby;

(d)   All easements, surface rights, rights of way, permits, licenses, servitudes or other interests appertaining to the Subject Interests or the Subject Properties, including, without limitation, those described on Exhibit A or Exhibit B hereto;

(e)   All equipment and other personal property, fixtures and improvements situated upon the Subject Interests or used or held for use solely in connection with the exploration, development or operation of the Subject Interests or the production, treatment, storage or transportation of Hydrocarbons from the Subject Interests;

(f)   All Hydrocarbon sales, purchase, exchange, transportation and processing contracts and agreements, farmout or farmin agreements, joint operating agreements and all other contracts or agreements and contract rights, (including, without limitation, reversionary rights) of whatever kind or character to the extent affecting or relating to the Subject Interests or any part thereof;

(g)   All of Grantor's books, records, accounts, files, documents, maps, manuals, information and data (including engineering, geological and geophysical data) to the extent relating to the Subject Properties;

(h)   All consents, permits, licenses, orders, registrations, franchises, certificates, approvals or other similar rights from any

-4-

BOOK 6183 PAGE 1276

governmental agency to the extent relating to the Subject Interests or the Subject Properties;

(i)   The gas processing plants, surface sites, cogeneration facilities, storage yards, field fuel plants and disposal facilities located on the Real Property, including, without limitation, the surface interests of Grantor and any other real property, equipment, assets, contract rights and rights of ingress and egress related thereto; and

(j)   All of Grantor's right, title and interest in the properties described in subsections (a) through (i) hereof acquired by Grantor subsequent to twelve o'clock midnight local time, as such time is determined in each jurisdiction in which the applicable property is located, on June 30, 1988 and on or before November 11, 1988,

LESS AND EXCEPT the exception and reservation unto Grantor, its successors and assigns, all of Grantor's right, title and interest in and to the following, to-wit:

(1)   All minerals other than Hydrocarbons in, under or that may be produced from, the properties described in subsections (a) through (j) above;

(2)   All inventories of tubular goods other than those located in the States of Alaska, California, Oregon and Washington; and

(3)   All of the properties described in subsections (a) through (j) above that were disposed of by Grantor after June 30, 1988 and prior to November 11, 1988,

SUBJECT, HOWEVER, to all valid and subsisting restrictions, exceptions, reservations, conditions, liens, interests, instruments and other encumbrances, if and to the extent the same cover or affect a Subject Property (the "Encumbrances").

BOOK 6183 PAGE 1277

TO HAVE AND TO HOLD THE Subject Properties, subject to
the Encumbrances, together with all and singular the rights
and appurtenances thereto in anywise belonging unto Grantee,
its successors, assigns and legal representatives forever.
THIS ASSIGNMENT IS MADE WITHOUT REPRESENTATION OR WARRANTY OF
ANY KIND, WHETHER EXPRESS OR IMPLIED, RELATING TO THE SUBJECT
PROPERTIES.    However, this Assignment is made with full
substitution and subrogation of Grantee in and to all
covenants and warranties by others heretofore given or made
with respect to the Subject Properties or any part thereof.

Notwithstanding anything herein contained to the
contrary, this Assignment shall not constitute an assignment
to Grantee of any claim, lease, easement, permit, license,
contract, contract right or other interest if an attempted
assignment of the same without the prior written consent of
any party (other than consents of a ministerial nature which
are normally granted in the ordinary course of business)
would constitute a breach thereof by Grantor or would give an
outside party the right to terminate such interest or right,
unless and until such consent shall have been obtained
without adverse conditions or effects on Grantee; whereupon
the assignment granted pursuant to the foregoing provisions
hereof shall become automatically effective as of the
Effective Time as to the affected interests, without further
action on the part of Grantor; provided, however, that if
such consent is not obtained within 21 years after the death
of the last to die of all descendants of John Fitzgerald
Kennedy, late President of the United States of America, who
are living on the date this Assignment is executed as
reflected hereinbelow, the transfer to Grantee of the
affected interests, if any, shall be null and void.    In the
case of any Subject Properties that are not assigned by
virtue of the immediately preceding sentence, Grantor and
Grantee will each use all reasonable efforts to obtain such
consents promptly.

Subject to applicable law, Grantor and Grantee shall
execute, acknowledge and deliver all such further
conveyances, transfer orders, division orders, notices,
assumptions, releases and acquittances and such other
instruments, and shall take such further actions, as may be
necessary or appropriate more fully to assure to Grantee or

—6—

its successors or assigns all of the properties, rights, titles, interests, estates, remedies, powers and privileges conveyed, or intended to be conveyed, to Grantee hereby. Without limiting the foregoing, Grantor shall execute any and all assignments of individual federal, state or Indian oil and gas leases comprising any portion of the Subject Interests as may be required by federal, state or tribal law or regulation, and any and all of such individual assignments shall constitute, as to such individual leases, one and the same assignment as is made herein. Furthermore, any and all of such assignments shall not constitute any additional conveyance or assignment of the oil, gas, mineral leases, lands or interests therein or herein described or any rights therein, are not intended to modify, and shall not modify, any of the terms, covenants and warranties herein set forth, and shall be deemed to contain all of the terms and provisions hereof, as fully and to all intents and purposes as though the same were set forth at length in such separate assignments.

Reference is made to the Exhibits attached hereto and made a part hereof for all purposes. Reference in such Exhibits to instruments on file in the public records are made for all purposes. Unless provided otherwise, all recording references in such Exhibits are to the appropriate records of the counties in which the affected interests are located.

This Assignment shall inure to the benefit of and be binding upon Grantor and Grantee and their respective successors and assigns.

This Assignment may be executed in any number of counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all such counterparts shall constitute but one assignment.

To facilitate recording or filing of this Assignment, (i) the counterpart to be recorded in a given county may contain only those portions of the Exhibits that describe property located in or offshore from that county, and (ii) each counterpart filed with a federal or state agency or office may contain only those portions of the Exhibits that describe property under the jurisdiction of that agency or

-7-

6183 PAGE 1279

office.  Grantor and Grantee have each retained a counterpart of this Assignment with complete Exhibits.  Another counterpart of this Assignment with complete exhibits is to be filed in the official real property records of Kern County, California.  This instrument relates to properties and interests in many states and is not intended to be performed wholly in any one state.

The provisions of this Assignment relating specifically to title to real property that, due to applicable law, must be governed by the law of the jurisdiction in which such real property is located shall be governed by the laws of such jurisdiction.  All other provisions of this Assignment shall be governed by and construed in accordance with the laws of the State of Texas, excluding any conflict of laws rule or principal that might refer same to the laws of another jurisdiction.

With respect to the Subject Properties located in the State of Oregon, THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS.  BEFORE SIGNING OR ACCEPTING THIS ASSIGNMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES.

IN WITNESS WHEREOF, Grantor has caused this instrument to be executed by its duly authorized officers, all in a number of counterparts which shall be read together and construed as but one and the same instrument, effective for all purposes as of the Effective Time.

TENNECO OIL COMPANY

By: _____
R. E. Winckler,
Vice President

ATTEST:

GRANTOR

_____
Laurent B. Webb,
Assistant Secretary

—8—

BOOK 6183 PAGE 1280

STATE OF  TEXAS             )

COUNTY OF  HARRIS          )

KATHLEEN FLAHERTY

BE IT REMEMBERED, that I, ~~ROSA C. HERSF~~, a Notary Public duly qualified, commissioned, sworn and acting in and for the State of  TEXAS   , hereby certify that, on this 16th day of November  , 1988, there appeared before me R. E. Winckler as Vice President of Tenneco Oil Company, a Delaware corporation, whose address is  1010 Milam, Houston, Texas 77002

(ALASKA)

The foregoing instrument was acknowledged before me this 16th day of November  , 1988 by R. E. Winckler of Tenneco Oil Company, a Delaware corporation, on behalf of the corporation.

(CALIFORNIA)

On  November 16, 1    , 1988, before me, the undersigned, a Notary Public in and for said state, personally appeared R. E. Winckler, personally known to me or proved to me on the basis of satisfactory evidence to be the person who executed the within instrument as the Vice President, and Laurent B. Webb, personally known to me or proved to me on the basis of satisfactory evidence to be the person who executed the within instrument as the Assistant Secretary of the corporation that executed the within instrument and acknowledged to me that such corporation executed the within instrument pursuant to its bylaws or a resolution of its board of directors.

(OREGON)

This instrument was acknowledged before me on this 16th day of November  , 1988 by R. E. Winckler as Vice President of Tenneco Oil Company.

—9—

BOOK 6183 PAGE 1281

(WASHINGTON)

    I certify that I know or have satisfactory evidence that
R. E. Winckler signed this instrument, on oath stated that he
was authorized to execute the instrument and acknowledged it
as the Vice President of Tenneco Oil Company to be the free
and voluntary act of such party for the uses and purposes
mentioned in the instrument.

    Dated: _November 16, 1988_

    IN WITNESS WHEREOF, I have hereunto set my hand and
official seal in the city of _Houston_, County of
_Harris_ and State of _Texas_, this _16th_ day of
_November_, 1988.



Notary Public in and for the
State of _Texas_

_____
Printed Name of Notary Public

Residing at:
_Houston, Harris County, TX_

My commission expires:_____

KATHLEEN FLAHERTY
Notary Public, State of Texas
My Commission Expires 12-15-88

BOOK 6183 PAGE 1282

## CERTIFICATE OF THE ASSISTANT SECRETARY OF

## TENNECO OIL COMPANY

I, the undersigned, being duly elected and acting Assistant Secretary of TENNECO OIL COMPANY, a Delaware corporation (the "Company"), do hereby certify that R. E. Winckler is currently a Vice President of the Company and possesses the full power and authority to execute and deliver for and on behalf of the Company the Assignment and Conveyance dated as of June 30, 1988 from the Company to TOC-Pacific Coast, Inc., a Delaware corporation.

IN WITNESS WHEREOF, I have hereunto subscribed my name this 16th day of November, 1988.

_Laurent B. Webb_
Laurent B. Webb

STATE OF TEXAS

COUNTY OF Harris

This instrument was acknowledged before me on November 16, 1988 by Laurent B. Webb.

_Kathleen Flaherty_
Notary Public

My Commission Expires: _____

KATHLEEN FLAHERTY
Notary Public, State of Texas
My Commission Expires 12-15-88.

BOOK 6183 PAGE 1283

## List of Attachments

Preamble to Exhibits A and B

Exhibit A  -  Properties (Tenneco Oil Company)

Exhibit B  -  Properties (Tenneco West Inc.)

Exhibit C  -  Jurisdictions described in Subsection (a)(ii)

-11-

BOOK 6183 PAGE 1284

PREAMBLE TO EXHIBITS A and B
(Assignment and Conveyance from Tenneco Oil Company
to TOC-Pacific Coast Inc.)

1.    Preamble Part of Assignment.    This Preamble to
Exhibits A and B (the "Preamble") is attached to and hereby
made a part of that certain Assignment and Conveyance from
Tenneco Oil Company to TOC-Pacific Coast, Inc. (the
"Assignment").

2.    Definitions.    For all purposes of this Preamble,
unless the context otherwise requires, all terms used herein
that are defined in the Assignment shall have the meanings
ascribed to such terms therein.

3.    Scope of Preamble.    This Preamble relates to the
following exhibits (singularly an "Exhibit" and collectively
the "Exhibits");

    Exhibit A - Exhibit A is a description of property
    in which Grantor owns, without limitation fee
    interests; oil, gas and/or mineral interests; fee
    and other royalty interests; oil, gas and/or
    mineral leases and leasehold interests; overriding
    royalty, net profits and production payment
    interests; lease applications; any other rights to
    produce and/or receive the proceeds of production;
    and constituting a part of the Subject Properties.


    Exhibit B - Exhibit B is a description of property
    in which Grantor owns, without limitation, fee
    mineral interests, fee royalty interests and other
    fee interests constituting a part of the Subject
    Properties.

4.    Exhibit A.    As indicated above, Exhibit A is a
description of property in which Grantor owns, without
limitation fee interests; oil, gas and/or mineral interests;
fee and other royalty interests; oil, gas and/or mineral
leases and leasehold interests; overriding royalty, net
profits and production payment interests; lease applications;
any other rights to produce and/or receive the proceeds of
production; and other rights, titles and interests
constituting a part of the Subject Properties.  Grantor and

BOOK 6183 PAGE 1285

Grantee agree as follows with respect to the information appearing on Exhibit A:

(a)   the property covered by each entry on Exhibit A (such property being referred to in this Paragraph 4 as the "Described Property") shall be deemed to cover and include the aggregate of the following properties described or referenced on Exhibit A: (1) the property described on Exhibit A under the column entitled "Property Description"; and (2) the property described in the instrument referenced under the column entitled "Recording Information" (or, if appropriate, the instrument referenced in such instrument) and any instruments amending or modifying such instrument (whether or not such instruments have been recorded);

(b)   each instrument described under the column entitled "Recording Information" shall be deemed to include any and all amendments or modifications to such instrument (whether or not the instruments evidencing such amendment or modification have been recorded) and if the instrument referenced is an oil, gas and/or mineral lease that has expired, any leases entered into within 60 days after the expiration of such lease that cover property covered by the expired lease, and any property described in such amending, modifying or other instruments, to the extent of Grantor's right, title and interest therein, shall be deemed to be a part of the Described Property;

(c)   all references under the column entitled "Recording Information" other than references to Book or Volume and Page numbers refer to a file number or other

-2-

BOOK 6183 PAGE 1286

identifying number assigned to the referenced instrument in the deed, lease, mineral or other applicable public records wherein such instrument is recorded;

(d)    certain land descriptions appearing under the column entitled "Description" are in an abbreviated form as to the portion of the applicable Section in which the Described Property is located; for example, the following terms may be abbreviated as follows: Northwest quarter - NW/4 or NW4 or NW; Southwest Quarter - SW/4 or W4 or SW; Southeast Quarter - SE/4 or SE4 or SE; Northeast Quarter - NE/4 or NE4 or NE; North Half - N/2 or N2; South Half - S/2 or S2; East Half - E/2 or E2; West Half - W/2 or W2; and Southeast Quarter of the Northeast Quarter - SENE or SE4NE4 or SE4NE or SE/4NE;

(e)    all references under the column entitled "Description" to "Acres" or "Hectares" for properties located in or offshore Alaska are included for information only and shall have no effect on or in any way be construed as limiting or expanding the size of the Described Property;

(f)    all references to depth limitations or intervals appearing under the column entitled "Description" are included for information purposes only and shall not be deemed to limit the interests conveyed by the Assignment; the Described Property shall, to the extent of Grantor's right, title and interest therein, be deemed to include all depths and intervals underlying such Described Property, regardless of whether depths or limitations are referenced or described in Exhibit A;

-3-

BOOK 6183 PAGE 1287

(g)   all references to the nature of an ownership
      interest or limitations relating to such interest,
      including, without limitation, limitations such as
      "Remainderman Interest Only", "Water Rights",
      "Mineral Estate Only" and "No Right to Drill New
      Wells" are to be disregarded for purposes of
      Exhibit A;

(h)   all references under the column entitled
      "Description" to agreements, documents or
      instruments that the Described Property or
      Grantor's interest therein is subject to are
      included for information purposes only and shall
      not in any way be construed or interpreted as
      stating that the Described Property or Grantor's
      interest therein is subject to the terms and
      provisions of such agreements, documents or
      instruments; and

(i)   all references under the column entitled
      "Description" to an instrument (e.g., a lease,
      license or other type of agreement) that are
      preceded by the words "more fully described in" are
      to be disregarded for purposes of Exhibit A (for
      example, the phrase "PTN N/2 More Fully Desc. in
      LSE." should be treated as follows: the phrase
      "PTN N/2", which stands for the phrase "portion of
      the north half", should not be disregarded for
      purposes of Exhibit A, but the phrase "More Fully
      Desc. in LSE." should be disregarded); and

(j)   the following symbols, words or phrases shall have
      the meaning, or refer to information of the type,
      described below:

      (i)   symbols, words, or phrases used as column
            titles or page headings:

| Symbol, Word or Phrase | Meaning or Information Described |
|---|---|
| "Date 10/27/88" | "Date 10/27/88", which appears in the upper left |

-4-

BOOK 6183 PAGE 1288

hand corner of each page of Exhibit A, denotes the draft date of Exhibit A and is to be disregarded.

"Property Number"

The numbers appearing under the column entitled "Property Number" are internal identification numbers used by Grantor for purposes of identification and, except as set forth below, are to be disregarded.

"Tract No."

The numbers appearing under the column entitled "Tract No." are to be disregarded.

"Lessor/Grantor"

The information appearing under the column entitled "Lessor/Grantor" identifies the individual or entity that is the lessor, grantor or other appropriate party, as the case may be, under the instrument identified under the column entitled "Recording Information".

"Instrument Date"

The dates appearing under the column entitled "Instrument Date" refer to the execution, recording, acknowledgement or effective date of the instrument identified under the column entitled "Recording Information".

BOOK 6183 PAGE 1289

"Description"

The information appearing under the column entitled "Description" is the legal description of the property covered by the instrument identified under the column entitled "Recording Information", as such instrument has been amended or modified to date, as reflected by Grantor's records. Such legal description may or may not be an accurate and complete description of the Described Property (see Paragraph 4(a) above).

(ii) symbols, words or phrases appearing under the column entitled "Recording Information";

"B", "BK" and "P"

The references to "B" or "BK" appearing under the column entitled "Recording Information" are to the Book or Volume, and the recordation references to "P" are to the page, of the applicable public records of the county in which the Described Property is located and wherein the instrument identified by reference to such Book or Volume and Page number is recorded.

"Inst"

"Inst" stands for the word "Instrument.

-6-

BOOK 6183 PAGE 1290

    (iii)   symbols, words or phrases appearing under the column entitled "Description"; and

"T"                                        "T" stands for the word "Township". The Township numbers are followed by a N or S to indicate whether the Township is North or South.

"R"                                        "R" stands for the word "Range". The Range numbers are followed by a E or W to indicate whether the Range is East or West of the referenced prime meridian, or if one is not referenced, the prime meridian that passes through the county wherein the Described Property is located.

"Sec"                                    "Sec" stands for the word "Section", and the number adjacent thereto identifies the number assigned to the section within the Township and Range in which the Described Property is located.

"MDM PM"                              "MDM PM" stands for the phrase "Mount Diablo Meridian Prime Meridian".

"SBM PM"                              "SBM PM" stands for the phrase "San Bernadino Meridian Prime Meridian".

"WIL PM"                              "WIL PM" stands for the

BOOK 6183 PAGE 1291

|  | phrase "Willamett Prime Meridian". |
|---|---|
| "UMT PM" | "UMT PM" stands for the phrase "Umiat Prime Meridian". |
| "FBK PM" | "FBK PM" stands for the phrase "Fairbanks Prime Meridian". |
| "PTN" | "PTN" stands for the word "Portion". |
| "PCL" | "PCL" stands for the word "Parcel". |
| "KNA" | "KNA" stands for the phrase "Known As". |
| "AKA" | "AKA" stands for the phrase "Also Known As". |
| "SUBD" | "SUBD" stands for the word "Subdivision". |
| "DTD" | "DTD" stands for the word "Dated". |
| "BLK" | "BLK" stands for the word "Block" and means those numbered portions, sections and divisions within the named dedicated subdivision. |
| "OCS" | "OCS" stands for the phrase "Outer Continental Shelf". |
| "Rancho" | The word "Rancho" means that certain property granted by the Government of Spain or Mexico to |

BOOK 6183 PAGE 1292

certain private individuals prior to California Statehood, honored under The 1846 Treaty of Guadelupe Hidalgo and commonly identified by reference to the name appearing next to the word "Rancho".

"VAR"

"VAR" stands for the word "Various".

"Lot"

The word "Lot", unless otherwise indicated, shall mean U. S. Government designated lots, as indicated by the United States Government Land Office Plants which are strictly conformable to the field notes of the surveys on file, which have been examined and approved by the U. S. Surveyor General's Office.

"U.S. Segregation Line"

The phrase "U. S. Segregation Line", when appearing under the column entitled "Description," means the boundary line between the swamp and overflow lands and the uplands as designated by the United States Government Land Office Plats, which are strictly conformable to the field notes of the surveys on file, which have been examined and approved by the U. S. Surveyor General's Office.

BOOK 6183 PAGE 1293

> (iv)  Symbols, words or phrases appearing under the column entitled "Lessor".

"TWI-OG"

"TWI-OG" stands for the phrase "Tenneco West Inc.- Oil and Gas", and the numbers appearing adjacent thereto are internal identification numbers that are to be disregarded for purposes of Exhibit A.

5.  Exhibit B.  As indicated above, Exhibit B is a description of fee mineral interests, fee royalty interests and other fee interests constituting a part of the Subject Properties.  Grantor and Grantee agree as follows with respect to the information appearing on Exhibit B:

> (a)  the property covered by each entry on Exhibit B shall be referred to in this Paragraph 5 as the "Described Property";

> (b)  all references to depth limitations or intervals appearing under the column entitled "Description" are included for information purposes only and shall not be deemed to limit the interests conveyed by the Assignment; the Described Property shall, to the extent of Grantor's right, title and interest therein, be deemed to include all depths and intervals underlying such Described Property, regardless of whether depths or limitations are referenced or described in Exhibit B;

> (c)  the acreage figures appearing under the column entitled "Acres (More or Less)" are included for information only and shall not in any way limit or expand the actual acreage of the Described Property, as determined by the other information appearing on Exhibit B, or the ownership interest of the grantor in such Described Property;

BOOK 6183 PAGE 1294

(d)   certain land descriptions appearing under the column entitled "Description" are in an abbreviated form as to the portion of the applicable Section in which the Described Property is located; for example, the following terms may be abbreviated as follows:  Northwest quarter - NW/4 or NW4 or NW; Southwest Quarter - SW/4 or SW4 or SW; Southeast Quarter - SE/4 or SE4 or SE; Northeast Quarter- NE/4 or NE4 or NE; North Half - N/2 or N2; South Half - S/2 or S2; East Half - E/2 or E2; West Half - W/2 or W2; and Southeast Quarter of the Northeast Quarter - SENE or SE4NE4 or SE4NE or SE/4NE; and

(e)   The following symbols, words or phrases used in Exhibit B shall have the meanings, or refer to information of the type, described below:

| Symbol, Word or Phrase | Meaning or Information Described |
|---|---|
| "State" | "State", which appears on each page of Exhibit B, and the state identified adjacent thereto, is the state wherein the property described on that page is located. |
| "County" | "County", which appears in the upper left hand corner of each page of Exhibit B, and the county identified adjacent thereto, is the county wherein the property described on that page is located. |
| "Meridian" | "Meridian", which appears in the upper right hand corner of each page, and the Meridian identified adjacent thereto is the imaginary north-south line of the longitude commonly identified by reference to the name appearing next to the word "Meridian". |

-11-

BOOK 6183 PAGE 1295

"S"

"S", which appears as a column title on each page of Exhibit B, stands for the word "Section", and each number appearing thereunder identifies the number assigned to the section within the Township and Range in which the particular property being identified is located.

"T"

"T", which appears as a column title on each page of Exhibit B, stands for the word "Township". The Township numbers may be followed by a N or S to indicate whether the Township is North or South.

"R"

"R", which appears as a column title on each page of Exhibit B, stands for the word "Range". The Range numbers may be followed by a E or W to indicate whether the Range is East or West of the referenced Prime Meridian.

"Description"

The text beneath the word "Description", which appears as a column title on each page of Exhibit B, is the legal description of the Described Property, as reflected by Grantor's records.

"Acres (More or Less)"

The words "Acres (more or less)", which appear as a column title on each page of Exhibit B, refer to an estimate of the acreage contained within the Described Property, as reflected by certain records of Grantor.

"All"

The word "all", when appearing under the column entitled

-12-

BOOK 6183 PAGE 1296

"Description", means that all of the Section identified by reference to the applicable Meridian, Section, Township and Range constitute the Described Property.

"Exc"

The letters "Exc" stand for the word "Except".

"R/W"

The symbol "R/W" stands for the phrase "Right-of-way" and means right-of-way, easement or other right of access.

"Lot"

The word "Lot", when appearing under the column entitled "Description," and unless otherwise indicated, shall mean U. S. Government designated lots, as indicated by the United States Government Land Office Plats which are strictly conformable to the field notes of the surveys on file, which have been examined and approved by the U. S. Surveyor General's Office.

"Block"

The word "Block", when appearing under the column entitled "Description," means those numbered portions, sections, and divisions within the named dedicated subdivisions.

"Rancho"

The word "Rancho" means that certain property granted by the Governments of Spain or Mexico to certain private individuals prior to California Statehood, honored under The 1846 Treaty of Guadelupe Hidalgo and commonly identified by reference to the name appearing next to the word "Rancho".

BOOK 6183 PAGE 1297

6.   <u>Construction of Preamble</u>.   Grantor and Grantee agree that nothing in this Preamble shall be construed or interpreted as attempting to convey, or causing the Assignment to convey, to Grantee anything more than Grantor's rights, titles and interests in and to the Subject Properties.

DATE 11/10/88                                                          PAGE   57

EXHIBIT A TO ASSIGNMENT AND CONVEYANCE
DATED AS OF JUNE 30, 1988
FROM TENNECO OIL COMPANY TO TOC-PACIFIC COAST, INC.
KERN COUNTY, CALIFORNIA

| PROPERTY NUMBER | TRACT NO | LESSOR/ GRANTOR | INSTRUMENT DATE | RECORDING INFORMATION | DESCRIPTION |
|---|---|---|---|---|---|
| 0750007006 000 | 01 | TEXACO ROSEDALE UNIT 2 | | | NE/4 NW/4; NE/4; N/2 SE/4; SE/4, COVERS DEPTHS BETWEEN 11,000' AND 11,600'. SEC 0006<br>T 029 S  R 026 E MDM PM   SEC 0007<br>SW/4 SW/4, COVERS DEPTHS BETWEEN 11,000' AND 11,600'. SEC 0007<br>T 029 S  R 026 E MDM PM   SEC 0007<br>W/2 NW/4; SE/4; W/2 SE/4, COVERS DEPTHS BETWEEN 11,000' AND 11,600'. SEC 0017<br>T 029 S  R 026 E MDM PM   SEC 0017<br>SW/4 NW/4; SW/4; SE/4, COVERS DEPTHS BETWEEN 11,000' AND 11,600'. SEC 0018<br>T 029 S  R 026 E MDM PM   SEC 0018<br>ALL, COVERS DEPTHS BETWEEN 11,000 AND 11,600'. SEC 0019<br>T 029 S  R 026 E MDM PM   SEC 0019<br>NE/4; E/2 NW/4; NW/4 N/2 SE/4, COVERS DEPTHS BETWEEN 11,000' AND 11,600'. SEC 0020<br>T 029 S  R 026 E MDM PM   SEC 0020<br>'ALL, COVERS DEPTHS BETWEEN 11,000' AND 11,600'. |
| 0750007007 000 | 01 | WHEELER RIDGE UNITS D & G | 12/01/1969 B-3504 P-766 | | T 029 S  R 026 E MDM PM   SEC 0014<br>SW/4 SW/4, COVERS DEPTHS BETWEEN 5312' AND 5884'. SEC 0014<br>T 029 S  R 026 E MDM PM   SEC 0023<br>PTN. OF LOT 7; ALL OF LOTS 8 & 9, DEPTH 5312' AND 5884'. |
| 0750007010 000 | 01 | UNION RIO BRAVO UNIT | 07/01/1960 B-3286 P-495 | | T 011 N  R 020 W SBM PM   SEC 0027<br>S/2 NW/4; S/2 NW/4 NW/4; SW/4; SW/4 NE/4; NE/4 NE/4 NE/4; SEC 0028<br>N/2 N/2 SW/4.<br>T 011 N  R 020 W SBM PM   SEC 0028<br>N/2; N/2 SW/4; N/2 N/2 NE/4; SE/4; SEC 0029<br>SE/4; S/2 N/2 SW/4; SE/4 SW/4; S/2 NE/4; SEC 0029<br>T 011 N  R 020 W SBM PM   SEC 0029<br>SE/4 SE/4 NW/4; E/2 NE/4; SW/4; S/2 NE/4; S/2 NE/4;<br>N/2 SE/4; N/2 S/2 SE/4. |
| | | | 12/01/1957 B-2951 P-423 | | T 028 S  R 025 E MDM PM   SEC 0027<br>S/2, EXCEPT NW/4 NW/4 SW/4. COVERING DEPTHS BETWEEN 6400' AND 7000'. SEC 0034<br>T 028 S  R 025 E MDM PM   SEC 0034<br>N/2 N/2 SE/4; NE/4 NE/4 SW/4; N/2, EXCEPT SW/4 SW/4 SW/4 AND 7000'. SEC 0034<br>COVERING DEPTHS BETWEEN 6400' AND 7000'. SEC 0035<br>T 028 S  R 025 E MDM PM   SEC 0035<br>N/2 N/4; N/2 NW/4 SW/4 COVERING DEPTHS BETWEEN 6400' AND 7000'. |
| 0750007011 000 | 01 | CANAL UNIT | 04/10/1941 | | T 030 S  R 025 E MDM PM   SEC 0011<br>S/2 S/2 SE/4, COVERS DEPTHS BETWEEN 7000' AND 9000'. SEC 0012<br>T 030 S  R 025 E MDM PM   SEC 0012<br>SW/4 SW/4 SW/4, COVERS DEPTHS BETWEEN 7000' AND 9000'. |

6183 PAGE 1365

DATE 11/10/88

EXHIBIT A TO ASSIGNMENT AND CONVEYANCE
DATED AS OF JUNE 30, 1988
FROM TENNECO OIL COMPANY TO TOC-PACIFIC COAST, INC.
KERN COUNTY, CALIFORNIA

PAGE 50

| PROPERTY NUMBER | TRACT NO | LESSOR/GRANTOR | INSTRUMENT DATE | RECORDING INFORMATION | DESCRIPTION |
|---|---|---|---|---|---|
| 0750007012 000 | 01 | UNION RID BRAVO UNIT | 05/15/1945 | B-1320 P-1 | T 030 S   R 025 E MDM PM   SEC 0013<br>S/2 NW/4; N/2 SW/4; N/2 SW/4 SW/4; SW/4 SW/4 SW/4; NW/4; SE/4 SW/4; S/2 SW/4 NE/4; NW/4 SW/4 NE/4; N/2 NW/4 SE/4; SW/4 NW/4 SE/4; NW/4 NW/4; S/2 NE/4 NW/4; NW/4 NE/4 NW/4; NW/4;<br>COVERS DEPTHS BETWEEN 7000' AND 9000'.<br>T 030 S   R 025 E MDM PM   SEC 0014<br>E/2; S/2 NW/4; NE/4 NW/4; S/2 NW/4 NW/4; NE/4 NW/4 NW/4;<br>N/2 SW/4; N/2 SW/4 SW/4.   COVERS DEPTHS 7000' TO 9000'.<br>T 030 S   R 025 E MDM PM   SEC 0015<br>S/2 SE/4 NE/4; NE/4 SE/4 NE/4; N/2 NE/4 SE/4; SE/4 NE/4<br>SE/4.   COVERS DEPTHS 7000' TO 9000'.<br>T 028 S   R 025 E MDM PM   SEC 0026<br>S/2 SW/4 SW/4, COVERS DEPTHS BETWEEN 11,000' - 11,600'.<br>T 028 S   R 025 E MDM PM   SEC 0027<br>ALL, EXCEPT N/2 NE/4, COVERS DEPTHS 11,000' - 11,600'.<br>T 028 S   R 025 E MDM PM   SEC 0028<br>NE/4; E/2 NW/4; SW/4 NW/4; W/2 SW/4; NE/4 SW/4; N/2<br>SE/4.   DEPTHS SE/4 - SE/4 SW/4 SE/4 - DEPTHS BETWEEN<br>11000-11600'.<br>T 028 S   R 025 E MDM PM   SEC 0033<br>NE/4; N/2 NW/4; S/2 S/2 SE/4 NW/4; N/2 NE/4 SW/4; N/2<br>SE/4; SE/4 SE/4 - DEPTHS BETWEEN 11000-11600'.<br>T 028 S   R 025 E MDM PM   SEC 0034<br>ALL, COVERS DEPTHS BETWEEN 11,000' AND 11,600'.<br>T 028 S   R 025 E MDM PM   SEC 0035<br>W/2 NW/4; SE/4 NW/4; S/2, COVERS DEPTHS 11,000'-11,600'.<br>T 029 S   R 025 E MDM PM   SEC 0001<br>NW/4 NW/4; W/2 NE/4 NW/4 - DEPTHS 11,000'-11,600'.<br>T 029 S   R 025 E MDM PM   SEC 0002<br>N/2 N/2; N/2 S/2 N/2, COVERS DEPTHS 11,000'-11,600'.<br>T 029 S   R 025 E MDM PM   SEC 0003<br>N/2 N/2 NE/4, COVERS DEPTHS 11,000'-11,600'. |
| 0750007013 000 | 01 | PALOMA UNIT | 04/01/1942 | B-1104 P-327 | T 031 S   R 026 E MDM PM   SEC 0028<br>N/2 SW/4; SE/4 NW/4 SE/4; S/2 SE/4, COVERING<br>DEPTHS BETWEEN 9,940' - 10,752'.<br>T 031 S   R 026 E MDM PM   SEC 0029<br>SW/4; W/2 SE/4; PORTION OUT OF N/2, COVERING<br>DEPTHS BETWEEN 9,940' - 10,752'.<br>T 031 S   R 026 E MDM PM   SEC 0030<br>SE/4; PORTION OUT OF N/2, COVERING DEPTHS BETWEEN 9,940'<br>AND 10,752'.<br>T 031 S   R 026 E MDM PM   SEC 0032<br>ALL, EXCEPT S/W SE/4, COVERING DEPTHS BETWEEN 9,940'<br>AND 10,752'.<br>T 031 S   R 026 E MDM PM   SEC 0033<br>ALL, COVERING DEPTHS BETWEEN 9,940' - 10,752'.<br>T 031 S   R 026 E MDM PM   SEC 0034 |

BOOK 6183 PAGE 1361

DATE 11/10/88

PAGE 54

EXHIBIT A TO ASSIGNMENT AND CONVEYANCE
DATED AS OF JUNE 30, 1988
FROM TENNECO OIL COMPANY TO TOC-PACIFIC COAST, INC.
KERN COUNTY, CALIFORNIA

| PROPERTY NUMBER | TRACT NO | LESSOR/GRANTOR | INSTRUMENT DATE | RECORDING INFORMATION | DESCRIPTION |
|---|---|---|---|---|---|
| 07001432195 000 | 01 | TMI - OG 878 | 06/03/1988 | B-6153 P-1228 | T 011 N  R 021 W SBM PM   SEC 0003<br>NW/4 SW/4, EXCEPT DEPTHS BELOW 13,700'.<br>T 011 N  R 021 W SBM PM   SEC 0008<br>E/2 SE/4 NE/4, EXCEPT DEPTHS BELOW 12,350'.<br>T 011 N  R 021 W SBM PM   SEC 0009<br>S/2 SE/4 NW/4; E/2 NW/4 SW/4, EXCEPT DEPTHS BELOW 12,350'. |
| 07001432214 000 | 01 | TMI - OG 879 | 06/20/1988 | B-6152 P-0117 | T 030 S  R 025 E MDM PM   SEC 0003<br>SW/4.<br>T 030 S  R 025 E MDM PM   SEC 0004<br>S/2; S/2 S/2 N/2.<br>T 030 S  R 025 E MDM PM   SEC 0005<br>E/2 SE/4, SE/4 NE/4.<br>T 030 S  R 025 E MDM PM   SEC 0009<br>N/2 N/2 NW/4; N/2 NE/4.<br>T 030 S  R 025 E MDM PM   SEC 0010<br>N/2 NW/4. |
| 07001432215 000 | 01 | TMI - OG 880 | 06/29/1988 | B-6152 P-0120 | T 030 S  R 026 E MDM PM   SEC 0029<br>SW/4 NE/4; S/2 NW/4; SW/4; W/2 SE/4.<br>T 030 S  R 026 E MDM PM   SEC 0030<br>S/2 NE/4; SE/4 NW/4; E/2 SW/4; SE/4. |
| 07001432218 000 | 01 | TMI - OG 882 | 06/29/1988 | B-6152 P-0126 | T 031 S  R 025 E MDM PM   SEC 0004<br>W/2 W/2 NW/4.<br>T 031 S  R 025 E MDM PM   SEC 0005<br>E/2 NE/4; E/2 W/2 NE/4. |
| 07001432219 000 | 01 | TMI - OG 883 | 06/29/1988 | B-6152 P-0129 | T 030 S  R 025 E MDM PM   SEC 0014<br>S/2 N/2 NW/4; S/2 NW/4; SW/4. |
| 07001432220 000 | 01 | TMI - OG 884 | 06/29/1988 | B-6152 P-0132 | T 030 S  R 026 E MDM PM   SEC 0032<br>SE/4; E/2 SW/4.<br>T 031 S  R 026 E MDM PM   SEC 0004<br>SW/4.<br>T 031 S  R 026 E MDM PM   SEC 0005<br>NE/4; E/2 NW/4; PTN E/2 SW/4 LYING NE OF INTERSTATE 5 FREEWAY; AND SE/4.<br>T 031 S  R 026 E MDM PM   SEC 0008<br>W/2 N/2 NE/4.<br>T 031 S  R 026 E MDM PM   SEC 0009<br>N/2 N/2 NW/4. |

BOOK 6183 PAGE 1362

DATE  11/10/88

PAGE  55

EXHIBIT A TO ASSIGNMENT AND CONVEYANCE
DATED AS OF JUNE 30, 1988
FROM TENNECO OIL COMPANY TO TOC-PACIFIC COAST, INC.
KERN COUNTY, CALIFORNIA

| PROPERTY NUMBER | TRACT NO | LESSOR/ GRANTOR | INSTRUMENT DATE | RECORDING INFORMATION | DESCRIPTION |
|---|---|---|---|---|---|
| 0700143221 000 | 01 ' | TWI - OG 885 | 06/29/1988 | B-6152 P-0135 | T 029 S  R 026 E  MDM PM<br>W/2 SE/4; E/2 SE/4 SW/4;  SEC 0010<br>SW/4.  SW/4 NE/4; SE/4 NW/4<br>T 029 S  R 026 E  MDM PM<br>NE/4 NE/4 NW/4.  SEC 0015 |
| 0700143222 000 | 01 ° | TWI - OG 886 | 06/29/1988 | B-6152 P-0138 | T 030 S  R 025 E  MDM PM<br>E/2 SE/4; E/2 W/2 SE/4.  SEC 0015<br>T 030 S  R 025 E  MDM PM<br>NE/4 NE/4; E/2 NW/4 NE/4;  SEC 0022<br>NE/4.  N/2 SE/4 NE/4; NE/4 SW/4<br>T 030 S  R 025 E  MDM PM<br>N/2 NW/4; N/2 S/2 NW/4.  SEC 0023 |
| 0700143223 001 | 01 ° | INSLEE M. JOHNSON, TRUSTEE | 06/22/1988 | | T 030 S  R 027 E  MDM PM<br>PTN OF NE/4 AND N/2 MORE  SEC 0018<br>FULLY DESC. IN LEASE. |
| 0700143224 000 | 01 ' | TWI - OG 889 | 06/29/1988 | B-6152 P-0123 | T 031 S  R 025 E  MDM PM<br>W/2 SW/4.  SEC 0001<br>T 031 S  R 025 E  MDM PM<br>SE/4; E/2 SE/4 SW/4.  SEC 0002<br>T 031 S  R 025 E  MDM PM<br>N/2 N/2 NE/4.  SEC 0011<br>T 031 S  R 025 E  MDM PM<br>NW/4 NW/4 NW/4.  SEC 0012 |
| 0700143233 000 | 01 ' | BUREAU OF LAND MANAGEMENT | 05/01/1988 | NO | T 030 S  R 023 E  MDM PM<br>ALL.  SEC 0004<br>T 030 S  R 023 E  MDM PM<br>ALL.  SEC 0006 |
| 0700143233 000 | 02 | BUREAU OF LAND MANAGEMENT | 05/01/1988 | NO | T 030 S  R 023 E  MDM PM<br>ALL.  SEC 0004<br>T 030 S  R 023 E  MDM PM<br>ALL.  SEC 0006 |
| 0750007003 00A | 01 ' | WORKING INTEREST UNIT | 09/01/1960 | B-3308. P-814 | T 030 S  R 026 E  MDM PM<br>S/2 SE/4 SE/4.  SEC 0023<br>T 030 S  R 026 E  MDM PM<br>W/2 SW/4 SW/4.  SEC 0024 |

DATE 11/10/88

EXHIBIT A TO ASSIGNMENT AND CONVEYANCE
DATED AS OF JUNE 30, 1988
FROM TENNECO OIL COMPANY TO TOC-PACIFIC COAST, INC.
KERN COUNTY, CALIFORNIA

PAGE 10?

| PROPERTY NUMBER | TRACT NO | LESSOR/ GRANTOR | INSTRUMENT DATE | RECORDING INFORMATION | DESCRIPTION |
|---|---|---|---|---|---|
| 0760000048 000 | 01 | KCL | 08/07/1936 | 8652 P485 | T 030 S R 025 E MDM PM  SEC 0013<br>N/2 NW/4; SW/4 NE/4; NW/4 SE/4; N/2 SW/4; SW/4 SW/4;<br>N/2 SE/4 SW/4; - DEPTHS 7000-9000'.<br>T 030 S R 025 E MDM PM  SEC 0014<br>S/2 NE/4; SE/4; - DEPTHS 7000-9000'. |
| 0760000061 000 | 01 | KCL | 01/29/1937 | 8689 P429 | T 028 S R 025 E MDM PM  SEC 0027<br>N/2 SE/4 - DEPTHS 0-11,600'.<br>T 028 S R 025 E MDM PM  SEC 0034<br>NE/4 NE/4; S/2 NE/4; NW/4 NE/4; N/2 SE/4; NE/4 NE/4<br>SW/4; S/2 S/2; S/2 N/2 NW/4 SW/4; NW/4 SW/4;<br>SW/4 - DEPTHS 10,200-11,600' AND NW/4 NE/4; NE/4 NW/4<br>DEPTHS 0-11,850'. |
| 0760000063 000 | 01 | KCL | 02/08/1937 | 8698 P276 | T 030 S R 025 E MDM PM  SEC 0011<br>S/2 SE/4 - DEPTHS 7000-9000'.<br>T 030 S R 025 E MDM PM  SEC 0013<br>NW/4 NW/4; W/2 NE/4 NW/4; SE/4 NW/4 - DEPTHS<br>7000-9000'.<br>T 030 S R 025 E MDM PM  SEC 0014<br>N/2 NE/4; E/2 W/2; S/2 NW/4 NW/4; SW/4 NW/4 NW/4;<br>NW/4; NW/4 SW/4; N/2 SW/4 - DEPTHS 7000-9000'.<br>T 030 S R 025 E MDM PM  SEC 0015<br>NE/4 SE/4 NE/4; S/2 SE/4 NE/4; N/2 NE/4 SE/4; SE/4 NE/4<br>SE/4 - DEPTHS 7000-9000'. |
| 0760000101 000 | 01 | KCL - ARCO CLA | 05/19/1938 | 8-798 P-246 | T 030 S R 025 E MDM PM  SEC 0019<br>SW/4 SE/4 SW/4; W/2 SE/4 SE/4 SW/4; E/2 SE/4 SW/4;<br>SURFACE TO 12,000 FT. BELOW SEA LEVEL.<br>T 030 S R 025 E MDM PM  SEC 0020<br>SW/4 SE/4 SW/4; SW/4. SURFACE TO 12,000 FT.<br>BELOW SEA LEVEL.<br>T 030 S R 025 E MDM PM  SEC 0027<br>SW/4 SW/4 NE/4; NW/4 SE/4 NW/4; S/2 SE/4 NW/4;<br>SW/4 SW/4 NE/4; W/2 NE/4 SE/4; NW/4 NE/4; S/2 SE/4;<br>SW/4 SW/4 NE/4 NE/4; S/2 NW/4 NE/4; S/2 NW/4;<br>S/2 N/2 NW/4. SURFACE TO 12,000 FT. BELOW SEA LEVEL.<br>T 030 S R 025 E MDM PM  SEC 0028<br>S/2 SE/4; S/2. SURFACE TO 12,000 FT. BELOW SEA LEVEL.<br>T 030 S R 025 E MDM PM  SEC 0029<br>NW/4 NE/4; S/2 NE/4; NW/4 NE/4; S/2 NW/4; NE/4 NW/4;<br>NW/4 NE/4; S/2 NW/4; S/2. SURFACE TO 12,000 FT. BELOW<br>SEA LEVEL.<br>T 030 S R 025 E MDM PM  SEC 0030<br>ALL. SURFACE TO 12,000 FT. BELOW SEA LEVEL.<br>T 030 S R 025 E MDM PM  SEC 0031 |